**Curtis L. HUTCHERSON**

v.

**STATE of Tennessee.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Sept. 21, 2001.

Curtis L. Hutcherson, Wartburg, TN, pro se.

Paul G. Summers, Attorney General and Reporter; Elizabeth B. Marney, Assistant Attorney General; Joe C. Crumley, Jr., District Attorney General; and Victor J. Vaughn, Assistant District Attorney General, for appellee, State of Tennessee.

## OPINION

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and JOHN EVERETT WILLIAMS, JJ., joined.

The petitioner, Curtis L. Hutcherson, appeals from the summary dismissal of his post-conviction claim for relief from a 1999 conviction for selling heroin. The trial court concluded that the petition failed to state a cause of action. Although we agree with the trial court's literal conclusion, we believe that the circumstances in this case warrant allowing the petitioner the opportunity to amend his petition pur-

suant to Tenn.Code Ann. § 40–30–206(d). The judgment of the trial court is reversed and the case remanded for further proceedings.

The record reflects that the petitioner pled guilty in 1999 to selling heroin, a Class B felony, and received an eight-year sentence. The petitioner filed his petition using the form provided by and recommended by the Tennessee Supreme Court. See Tenn. Sup.Ct. R. 28, § 5(D), app. A. In the petition, he marked the boxes regarding claims based upon failure of the prosecution to disclose favorable evidence, ineffective assistance of counsel, and "other grounds." No facts are detailed in the petition, but it states, "See attachment." The petition was verified under oath.

The record reflects that a document titled "Memorandum of Law in Support of Petition for Post–Conviction Relief" was filed with the trial court clerk at the same time as the post-conviction petition. In it, the petitioner alleges that his attorney misadvised him about his sentence. He asserts that the attorney said that his eight-year sentence would run concurrently with other sentences he received in another county. He also alleges that his attorney told him that the drug test did not uncover heroin and that the attorney failed to file a motion to dismiss or otherwise investigate the matter so as to defend the petitioner properly. The petitioner alleges that he would not have pled guilty but for his attorney's ineffectiveness. Although the petitioner signed the memorandum, it does not reflect that he was under oath.

The trial court's order dismissing the petition states, "The petition contains no sworn facts concerning his claim of unlawfully induced guilty plea or denial of effective assistance of counsel." In this appeal, the petitioner argues that his direction in his petition to see an attachment was a reference to his memorandum which states

claims. The state agrees with the petitioner, stating that the petitioner alleged sufficient facts that, taken as true, warrant a remand to the trial court for appointment of counsel.

Although we agree with their view of the sufficiency of the factual allegations, we think the petitioner and the state miss the point regarding why the trial court dismissed the petition. A post-conviction petition must be verified under oath. *See* Tenn.Code Ann. § 40–30–204(e). Factual allegations to support his claims are required and vital if the petition is to survive preliminary review by the trial court. *See* Tenn.Code Ann. § 40–30–204(e), –206(d), (f). For the preliminary review, a petition in proper form is to be taken as true regarding any facts or allegations. *See* Tenn.Code Ann. § 40–30–206(f). In this case, the trial court obviously viewed the allegations in the Memorandum to be unverified under oath. Thus, with the sworn petition containing no factual allegations, the trial court dismissed the petition.

 We agree with the trial court's analysis. It is imperative that factual allegations be made and that the petition be verified as true under oath. However, relative to deficiencies in the factual basis for a petitioner's claim, a trial court has the discretion to enter an order notifying the petitioner that an amended petition complying with the factual allegation requirement must be filed within fifteen days or the petition would then be dismissed. *See* Tenn.Code Ann. § 40–30–206(d). Also, Rule 28, § 6(B)(4)(b), Tenn. S.Ct. R., provides that a trial court must not dismiss a *pro se* petition "for failure to follow the prescribed form until the court has given petitioner a reasonable opportunity to amend the petition with the assistance of counsel." In the present case, the trial court did not give the petitioner such an opportunity. However, we see no material basis in the record to support a dismissal without giving the petitioner a chance to amend his petition.

The petitioner's filings in the present case are obviously an attempt to comply with the rules and statutes controlling post-conviction cases. The form petition expressly allows for attaching separate sheets of paper that list constitutional violations and the facts that support them. Obviously, the petitioner intended to follow this path when he stated "See attachment" in his petition. However, including a separate document entitled Memorandum of Law which is not actually attached to the petition does not necessarily put others on notice that it is intended to be the attachment to which the petition refers. Also, as importantly, given the strict requirements of our perjury laws, we hesitate to conclude that the verification by oath for the petition covers the memorandum. The petition does not incorporate the Memorandum of Law by reference or otherwise. Nevertheless, we will not default the petitioner of an opportunity to amend his petition for such shortcomings.

Under the circumstances, we conclude that the trial court's order dismissing the petition should be reversed and the case remanded to the trial court in order to allow the petitioner to amend his petition. Moreover, given the nature of the defects in the petition, counsel should be appointed to assist the petitioner in the amendment process, if the petitioner is found to be indigent.

In consideration of the foregoing, we reverse the trial court's order dismissing the petition and remand the case to the trial court for further proceedings.