IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 16, 2005

## JOSEPH HOUGH v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Hamblen County**
**No. 03CR139    Lynn W. Brown, Judge**

---

**No. E2004-02299-CCA-R3-PC - Filed December 1, 2005**

---

Petitioner, Joseph Hough, appeals from the post-conviction court's summary dismissal of his *pro se* petition for post-conviction relief because the petition did not include a proper verification under oath. After a thorough review, we conclude that the circumstances in this case warrant allowing Petitioner the opportunity to amend his petition pursuant to Tennessee Code Annotated section 40-30-106(d). The judgment of the trial court is reversed and the case remanded for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right;**
**Judgment of the Criminal Court Reversed and Remanded**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and ROBERT W. WEDEMEYER, JJ., joined.

Joseph Hough, Mountain City, Tennessee, *pro se*.

Paul G. Summers, Attorney General and Reporter; John H. Bledsoe, Assistant Attorney General; C. Berkeley Bell, Jr., District Attorney General, and Victor Vaughn, Assistant District Attorney General, for the appellee, the State of Tennessee.

### OPINION

Following a jury trial, Petitioner was convicted of one count of delivering 0.5 grams or less of cocaine, a Class C felony, and one count of delivering 0.5 or more grams of cocaine, a Class B felony. The trial court sentenced Petitioner as a Range II, Multiple offender, to eight years for the Class C felony and fifteen years for the Class B felony. The trial court ordered Petitioner to serve his sentences consecutively for an effective sentence of twenty-three years.

On the morning of trial, Petitioner filed a motion requesting that he be permitted to proceed *pro se*, and his motion was granted after a hearing on the matter. Counsel, however, was appointed to assist Petitioner on appeal. Petitioner's appointed appellate counsel argued that the trial court

erred in allowing Petitioner to represent himself and in its sentencing determinations. *State v. Joseph Antonio Hough*, No. E2000-02728-CCA-R3-CD, 2002 WL 1483203, at *1 (Tenn. Crim. App., at Knoxville, July 11, 2002), *perm. to appeal denied* (Tenn. Dec. 9, 2002). This Court affirmed Petitioner's convictions and sentences. *Id*. at *10.

Petitioner timely filed a *pro se* petition for post-conviction relief on June 6, 2003, alleging ineffective assistance of appellate counsel and challenging various alleged trial errors. The petition did not include any allegations of fact in support of his grounds for relief. *See* Tenn. Code Ann. § 40-30-104(e). Furthermore, although Petitioner signed the petition, it does not reflect that he was under oath when he did so. *Id.* On May 3, 2004, Petitioner filed a *pro se* amendment to his petition for post-conviction relief which outlined the factual allegations supporting his grounds for relief. The amendment was also not verified under oath. On August 16, 2004, the post-conviction court concluded that the petition failed to include the requisite verification under oath and thus the petition presented no verified facts which would entitle Petitioner to relief. The post-conviction court dismissed the petition without conducting an evidentiary hearing, and Petitioner filed a notice of appeal on September 17, 2004.

Petitioner filed a "motion to reopen post-conviction petition" on October 7, 2004, alleging ineffective assistance of his appellate counsel and arguing that his sentence was in violation of *Blakely v. Washington,* 542 U.S. 296, 124 S. Ct. 2531 (2004). This motion was verified under oath. As to Petitioner's ineffective assistance claims, the post-conviction court on April 22, 2005, dismissed Petitioner's motion as filed beyond the one-year statute of limitations for filing post-conviction petitions. *See* Tenn. Code Ann. § 40-30-102(a). As for Petitioner's *Blakely* claims, the post-conviction court found that *Blakely* does not create a new rule of constitutional law and thus does not afford a ground upon which a post-conviction petition may be reopened. *See id*. § 40-30-117(a)(1); *State v. Gomez*, 163 S.W.3d 632, 650-51 (Tenn. 2005). Petitioner appealed the dismissal of his motion to reopen. This Court dismissed Petitioner's application for permission to appeal on May 20, 2005 because the motion to reopen was filed during the pendency of Petitioner's appeal from the denial of the same petition for post-conviction relief that Petitioner sought to reopen.

The State initially argues that Petitioner's appeal from the dismissal of his original petition for post-conviction relief should be dismissed because the notice of appeal was untimely filed. Petitioner's notice of appeal was filed on September 17, 2004, instead of September 15, 2004, as required by Rule 4 of the Tennessee Rules of Appellate Procedure. Rule 4 provides that a notice of appeal should be filed within thirty days after entry of the judgment from which an appeal is sought. Tenn. R. App. P. 4(a). In his reply brief, Petitioner strenuously argues that he is entitled to the "prison mailbox rule," and that he timely mailed his notice of appeal from the prison facilities. *See* Tenn. R. Crim. P. 49(c). Be that as it may, the Rules of Appellate Procedure provide that in criminal cases, "the 'notice of appeal' document is not jurisdictional and the filing of such document may be waived in the interest of justice." Tenn. R. App. P. 4(a). Therefore, in the interest of justice, we will waive the thirty-day filing requirement and review the merits of the appeal. *Id.*

Petitioner failed to verify his petition and amended petition under oath. *See* Tenn. Code Ann. § 40-30-104(e). The post-conviction court, in dismissing Petitioner's petition without an evidentiary hearing, found that the allegations in the petition were not verified under oath, and accordingly, the petition did not contain any factual allegations supporting Petitioner's claim for relief. *See id.* § 40-30-106(d).

Failure to state a factual basis for the grounds alleged in the petition will result in the summary dismissal of a petition for post-conviction relief. *Id.* As we discussed in *Hutcherson v. State*, 75 S.W.3d 929 (Tenn. Crim. App. 2001),

> [i]t is imperative that factual allegations be made and that the petition be verified as true under oath. However, relative to deficiencies in the factual basis for a petitioner's claim, a trial court has the discretion to enter an order notifying the petitioner that an amended petition complying with the factual allegation requirement must be filed within fifteen days or the petition would then be dismissed. *See* Tenn. Code Ann. § 40-30-206(d). Also, Rule 28, § 6(B)(4)(b), Tenn. S. Ct. R., provides that a trial court must not dismiss a *pro se* petition "for failure to follow the prescribed form until the court has given petitioner a reasonable opportunity to amend the petition with the assistance of counsel."

*Hutcherson*, 75 S.W.3d at 931; *see also Kenneth R. Griffin v. State*, No. E2001-01932-CCA-R3-PC, 2002 WL 236697 (Tenn. Crim. App., at Knoxville, Feb. 19, 2002), *no perm. to appeal filed*.

It does not appear from the record that the post-conviction court gave Petitioner an opportunity to amend his petition to include a verification under oath, a requirement Petitioner apparently attempted to comply with in his motion to reopen. *See Hutcherson*, 75 S.W.3d at 931 (reversing the post-conviction's dismissal of the petition and remanding the case to give Petitioner an opportunity to amend his petition to include a proper verification under oath); *see also Kenneth R. Griffin*, 2002 WL 236697, at *3. The State argues, however, that *Hutcherson* notwithstanding, the post-conviction court properly dismissed Petitioner's petition because the petition fails to state a ground upon which relief may be granted. *See* Tenn. Code Ann. § 40-30-106(f).

A petition for post-conviction relief shall be dismissed without an evidentiary hearing "[i]f the facts alleged, taken as true, fail to show that the petitioner is entitled to relief or fail to show that the claims for relief have not been waived or previously determined." *Id.* § 40-30-106(f). The State argues that Petitioner's grounds for relief essentially revolve around his contention that the trial court erred in allowing Petitioner to represent himself at trial, which was the issue presented on direct appeal. Further, the State contends that Petitioner's allegations of various errors that occurred at trial do not present a ground for relief under the Post-Conviction Procedure Act.

"A ground for relief is waived if the petitioner personally or through an attorney failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented," and "[a] ground for relief is previously determined if a court of

competent jurisdiction has ruled on the merits after a full and fair hearing." *Id*. §§ 40-30-106(g) and (h).

Although at times difficult to decipher, the petition alleges that the trial court erred (1) in finding him competent to stand trial, (2) in refusing to allow Petitioner to present witnesses to challenge the Middle Tennessee Mental Health Institute's competency evaluation, (3) in not allowing him to call witnesses who would support his entrapment, insanity and necessity defenses, and (4) in not instructing the jury on such defenses. Petitioner also contends that the State erred in not providing him with a copy of the Institute's competency evaluation until shortly before trial. It is well established that a petitioner may not raise an issue in a post-conviction petition that could have been raised on direct appeal, such as the various trial errors alleged by Petitioner in his petition, whether committed by the State or the trial court. *State v. Townes*, 56 S.W.3d 30, 35 (Tenn. Crim. App. 2000), *overruled in part on other grounds by State v. Terry*, 118 S.W.3d 355, 359 (Tenn. 2001). The opportunity to raise an issue on appeal coupled with the failure to do so "constitutes a waiver of the issue pursuant to Code section 40-30-[1]06(g) for purposes of a post-conviction relief proceeding." *Id.* at 36.

In addition, Petitioner alleges that the trial court erred in allowing him to represent himself at trial. This issue was addressed on direct appeal and is, therefore, waived under Tennessee Code Annotated section 40-30-106(h). *See Joseph Antonio Hough*, 2002 WL 1483203, at *5.

To the extent, however, that Petitioner raises issues concerning the ineffective assistance of his appellate counsel, such issues may provide a ground for relief under the Post-Conviction Procedure Act. *See* Tenn. Code Ann. § 40-30-103. Among Petitioner's numerous claims for relief, he contends that his appellate counsel was ineffective for failing to appeal the trial court's failure to instruct the jury on the defenses of necessity and insanity. In considering whether a petition presents a colorable claim for relief, the post-conviction court is to take the facts as true. *See id.* § 40-30-106(f). A "colorable claim" is one "that, if taken as true, in the light most favorable to petitioner, would entitle petitioner to relief under the Post-Conviction Procedure Act." Tenn. R. Sup. Ct. 28 § 2(H). A claim of ineffectiveness of appellate counsel that violates a petitioner's Sixth Amendment right to counsel may provide the basis for a colorable claim for post-conviction relief. *See Burnett v. State*, 92 S.W.3d 403, 408 (Tenn. 2002).

Based upon the foregoing circumstances, we reverse the post-conviction court's dismissal of the petition, and remand to the post-conviction court to allow Petitioner the opportunity to amend his petition to comply with the statutory requirements for filing petitions for post-conviction relief. We note that in his original petition, Petitioner specifically requested the court not to appoint counsel to assist him. On remand, the trial court should inquire if the status is the same. If not, counsel should be appointed to assist Petitioner in the amendment process if, in fact, he is found to be indigent.

-4-

## CONCLUSION

For the reasons stated herein, the judgment of the post-conviction court summarily dismissing the petition for post-conviction relief is reversed, and this case is remanded for further proceedings consistent with this opinion.

_____

THOMAS T. WOODALL, JUDGE