IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 22, 2005

## WILLIAM E. EAKES, III v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 99-A-36     Seth Norman, Judge**

_____

**No. M2005-01016-CCA-R3-PC - Filed January 23, 2006**

_____

This is an appeal as of right from the summary dismissal of a petition for post-conviction relief. The trial court dismissed the amended post-conviction petition because the court found the petition was not verified under oath and failed to include the factual basis upon which relief was sought. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which DAVID G. HAYES and JERRY L. SMITH, JJ., joined.

Ryan Caldwell, Nashville, Tennessee, for the appellant, William E. Eakes, III.

Paul G. Summers, Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; Victor S. Johnson, District Attorney General; and Dan Hamm, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

The record reflects that the Petitioner, William E. Eakes, III, was indicted by a Davidson County grand jury in January of 1999 on one count of first degree felony murder and one count of second degree murder. See Tenn. Code Ann. §§ 39-13-202 and 39-13-210. The Petitioner was found guilty by jury verdict of both offenses, and the trial court merged the second degree murder conviction into the first degree felony murder conviction and sentenced the Petitioner to life imprisonment. See State v. William E. Eakes, III, No. M2001-01420-CCA-R3-CD, 2003 WL 21523244, at *1 (Tenn. Crim. App., Nashville, July 1, 2003). The Petitioner's judgment was affirmed on direct appeal by this Court in July of 2003, and the Tennessee Supreme Court denied his application for permission to appeal in December of 2003. See Id.

The Petitioner timely filed his original petition for post-conviction relief in December of 2004. In his original petition, filed with some assistance from an attorney,[1] the Petitioner alleged that he was "denied the effective assistance of counsel at trial," but failed to provide any factual basis for this claim. In January of 2005, the post-conviction court issued an order granting the Petitioner thirty days in which to amend his petition for post-conviction relief and resubmit it to the court. In this order the court found that the Petitioner's original petition for post-conviction relief failed to "specify allegations upon which such claim [of ineffective assistance of counsel] is based," and was not verified under oath.

The Petitioner submitted an amended petition for post-conviction relief within the allotted time. The amended petition was filed as a "Pro Se" petition. On appeal the Petitioner concedes that he received the assistance of an attorney. In March of 2005, the trial court issued an order dismissing the Petitioner's amended petition for post-conviction relief, stating:

> The petitioner in this cause has timely filed a Petition for Post-Conviction Relief with the Davidson County Criminal Court Clerk on December 20, 2004. However, with regard to his claim of ineffective assistance of counsel, he did not specify allegations upon which such claim is based. The petitioner was then allowed 30 days to submit a verified petition stating specific grounds upon which he may base a claim for ineffective assistance of counsel. On February 23, 2005, he submitted yet another unverified, general petition. . . .
> The petitioner's second filing of the Petition merely restates the allegations of the initial Petition and does not include any specific factual basis to bolster his argument.
> Moreover, petitions for post-conviction relief must be verified under oath. . . . Petitioner's second filing does not meet the standard [of being verified under oath].
> Based on the foregoing analysis, it does not appear as though the petitioner has followed the statutory prescribed elements requisite to the proper filing of a petition for post-conviction relief. As a result, the petitioner's Petition for Post-Conviction Relief is accordingly respectfully dismissed.

This appeal followed.

**ANALYSIS**

The Petitioner now argues that the post-conviction court erred in summarily dismissing his post-conviction petition without the appointment of counsel and without an evidentiary hearing. To support this claim, the Petitioner first argues that his amended petition did include both the grounds

---

[1] The petition initially states that the petitioner is proceeding "by and through his [named] attorney." Elsewhere in the petition, the petitioner states he is not "currently represented by counsel." Later, the petition requests that an attorney be appointed to represent the petitioner. Thereafter the petition alleges that a named attorney, different from the attorney initially named, has assisted him in the preparation of the petition. The petition does not contain the name or signature of an attorney purporting to represent the petitioner.

upon which he sought relief as well as a sufficient factual basis for those grounds. Second, the Petitioner argues that the post-conviction court "should have" determined that he was indigent and appointed him counsel to assist in the drafting of his post-conviction petition. Finally, the Petitioner argues that, because he submitted his petitions pro se, this Court should overlook the fact that neither his original nor amended petition was properly verified under oath. We find all three of the Petitioner's arguments unpersuasive.

Tennessee's Post-Conviction Procedure Act, codified in Tennessee Code Annotated section 40-30-101 et seq., outlines the statutory elements required for properly filing for post-conviction relief. These statutes mandate that a petition for such relief

> must contain a clear and specific statement of all grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings. Failure to state a factual basis for the grounds alleged shall result in immediate dismissal of the petition. If, however, the petition was filed pro se, the judge may enter an order stating that the petitioner must file an amended petition that complies with this section within fifteen (15) days or the petition will be dismissed.

Tenn. Code Ann. § 40-30-106(d). Additionally, "[t]he petitioner shall include allegations of fact supporting each claim for relief set forth in the petition," and "[t]he petition and any amended petition shall be verified under oath." Tenn. Code Ann. § 40-30-104(e).

In this case, the Petitioner first argues that his amended petition does contain "specific factual allegations," citing to the three conclusory statements he added to his claim of ineffective assistance of counsel in his amended petition. The Petitioner argues that these three one-line statements, in which he alleges his trial counsel 1) "failed to adequately investigate prior to trial," 2) "did not prepare a clear theory of defense," and 3) "left petitioner with no defense to the charges," are "facts" that satisfy the statutory requirements for a valid post-conviction petition. We disagree.

In this case the trial court's first order informed the Petitioner that he was required to allege a clear and specific statement of the grounds upon which he sought relief and provide a full disclosure of the factual basis of those grounds in his petition for post-conviction relief. The court then, within its discretion, granted the Petitioner thirty days to amend his petition accordingly. Nevertheless, the Petitioner submitted an amended petition that again failed to contain any factual basis, much less a "full disclosure of the factual basis" of the grounds upon which he sought relief. See Tenn. Code Ann. § 40-30-106(d). A fair reading of the record reveals that the "facts" the Petitioner relies on are simply three one-line allegations attacking his trial counsel, and amount to nothing more than "bare allegation[s] that a constitutional right has been violated." Id. Thus, his claim that his Sixth Amendment right to effective assistance of counsel was violated is a "mere conclusion[] of law." Id. The petition does not suggest the favorable facts that an "adequate" investigation would have uncovered, nor does it suggest the "theory of defense" that should have

been prepared. The petition as amended does not suggest how the Petitioner may have been prejudiced by his counsel's actions or inactions. Because the Petitioner failed to state any factual basis to support the allegations in his post-conviction petition, he was not entitled to an evidentiary hearing. Rather, "immediate dismissal of the petition" was warranted. Id.

We also note that the Rules of the Tennessee Supreme Court concerning post-conviction procedure, as well as a significant body of case law, support the post-conviction court's dismissal of the Petitioner's petition under the facts of this case. Tennessee rules require a petition for post-conviction relief to contain "specific facts supporting each claim for relief asserted by petitioner." Tenn. R. S. Ct. 28, § 5(E)(4). Furthermore, the "Effect of Failure to Comply With Rule" is that "[a] petition may be dismissed without a hearing if it . . . does not contain specific factual allegations." Tenn R. S. Ct. 28, § 5(F)(3).

In Arnold v. State, 143 S.W. 3d 784 (Tenn. 2004), our supreme court considered whether a pro-se petition for post-conviction relief presented a "colorable claim." In Arnold, the petition alleged that:

> Petitioner from Arrest to Trial and Re-Trial was subject to The News Media [sic] Constant Exploitation of said Charges and No fair trial could ever be had in Carter County and Counsel of Reco[r]d Did Nothing to prevent same to the harms way of Petition[er] in his Day in Court, and Unjust Verdicts, and Illegal Imprisonment for same.
>                                     . . .
> Petitioner after Ineffective Assistance of Counsel was found Guilty after a mini-trial of a day or two a mockery of Justice itself as it should have taken weeks to pick a Jury in a Town already since His Arrest. . . .

Arnold, 143 S.W. 3d at 786.

In concluding that this petition did state a colorable claim, our supreme court reasoned as follows:

> Arnold's petition alleges that the media coverage involving his child rape charges was both constant and exploitative. Despite this adverse publicity, Arnold's trial attorney failed to request a change of venue and failed to adequately question potential jurors to determine the extent to which they were subjected and influenced by this constant and exploitative media coverage. Arnold links his convictions and his consecutive sentences to his attorney's deficient performance and suggests that a fair trial was impossible under the circumstances. Specifically, he alleges that the jury selection process and the length of the trial demonstrate a "mockery of Justice

-4-

itself." Under these circumstances, we hold that the petition states a colorable claim and that the post-conviction court erred in dismissing the petition.

Arnold, 143 S.W. 3d at 787.

Unlike the petition in Arnold, the petition herein does not include a factual basis supporting the grounds for relief. The petition contains no factual assertions in any way directed toward or related to the facts and circumstances presented at the trial of the Petitioner. Even though the Petitioner was given the opportunity to amend the petition, he nonetheless failed to include a "full disclosure of the factual basis" of the grounds upon which he sought relief. See Tenn. Code Ann. § 40-30-106(d). His assertions are simply conclusory allegations of inadequate representation.

This Court has previously upheld summary dismissals of petitions for post-conviction relief where a petition "did not contain clear and specific statements of grounds, including full disclosure of the factual basis of the grounds," but rather "contained bare allegations of violations of constitutional rights with mere conclusions of law." Powell v. State, 8 S.W.3d 631, 633 (Tenn. Crim. App. 1998). See also Pewitt v. State, 1 S.W.3d 674, 676 (Tenn. Crim. App. 1999) (upholding summary dismissal of a post-conviction petition after finding that "[t]he petitioner's amended petition adds nothing in the way of relevant allegations except for his claim of ineffective assistance of counsel. However, the allegations of fact as to that claim, taken as true, do not show that the defendant's Sixth Amendment right to the effective assistance of counsel was violated."); Harris v. State, 996 S.W.2d 840, 842 (Tenn. Crim. App. 1999) (upholding summary dismissal of a petition for post-conviction relief after determining that "[a]lthough the petition alleges the ineffective assistance of counsel, it does not contain a full disclosure of the factual basis of the grounds asserted. The petition instead contains bare allegations of violations of constitutional rights and mere conclusions of law."). Accordingly, we conclude that the trial court did not err in summarily dismissing the Petitioner's petition for post-conviction relief based on its finding that the petition failed to contain a full disclosure of the factual basis upon which the grounds for relief were based.

The Petitioner also argues that the trial court erred because it "should have determined [Petitioner's] indigency status and appoint[ed] counsel." We are unable to directly address this issue because the record on appeal fails to contain a petition for a declaration of indigency or any evidence supporting such a claim.[2] Nevertheless, the Petitioner's argument fails because it is well established that "'a clear but patently non-meritorious petition [for post-conviction relief] may be dismissed summarily,' without the appointment of counsel or an evidentiary hearing." Rickman v. State, 972 S.W.2d 687, 692 (Tenn. Crim. App. 1997) (citing Martucci v. State, 872 S.W.2d 947, 949 (Tenn. Crim. App. 1993)). See also Pewitt, 1 S.W.3d at 675-76 (holding that "[t]he trial court was not required to appoint counsel for the purpose of providing the factual basis for the petitioner's claims"

---

[2]We note that the Petitioner was declared indigent by the post-conviction court in June of 2005 and appointed counsel to represent him in this appeal.

after granting the pro se petitioner additional time to submit an amended petition). Thus, the trial court in this case did not err in electing not to appoint counsel to assist the Petitioner with his amended post-conviction petition.

In his final argument, the Petitioner, while not denying that his amended petition was not verified under oath as required by statute, nevertheless asserts that because he submitted his petition pro se he should be "held to less stringent standards" than those required of attorneys. Therefore, the Petitioner argues, the trial court erred in summarily dismissing his petition because it was not verified under oath.[3] We disagree.

As stated above, a post-conviction petition and any amended petitions must be verified under oath. Tenn. Code Ann. § 40-30-104(e). We have previously held that "[i]t is imperative that factual allegations be made and that the petition be verified as true under oath." Hutcherson v. State, 75 S.W.3d 929, 931 (Tenn. Crim. App. 2001). The purpose of the verification under oath requirement is to "deter or to reduce intentionally false allegations primarily made by petitioners by exposing them to aggravated perjury charges," ultimately resulting in more efficient use of the judicial system. Sexton v. State, 151 S.W.3d 525, 530 (Tenn Crim. App. 2004). Accordingly, we have held that "[w]hether prepared by a petitioner or by counsel, the petition and its amendments must be verified under oath." Id.

In this case, the Petitioner did not verify under oath his original petition or his amended petition for post-conviction relief.[4] The Petitioner argues that he should be judged by "less stringent standards" because he submitted his petitions pro se, citing Allen v. State, 854 S.W.2d 873, 875 (Tenn. 1993) and Tenn. R. S. Ct. 28, § 6(B)(4)(b).[5] The Petitioner, while professing to be pro se, has nonetheless admitted in his appellate brief that he received the "assistance of [an] attorney" in preparing both his original and his amended post-conviction petitions.[6] Furthermore, this Court has

---

[3] We note that it appears that neither the petition nor the amended petition was actually signed by the Petitioner; rather, the petition is signed by someone else "for the petitioner."

[4] We note that in his amended petition, the Petitioner made a statement resembling a verification, but did not personally sign the verification (or the petition itself). Furthermore, the amended petition was not verified "under oath." This Court has previously held that the verification under oath requirement for a post-conviction petition generally requires the document to be "notarized by a notary public or acknowledged in the presence of an official." Charles Montague v. State, No. E2000-01330-CCA-R3-PC, 2001 WL 1011464, at * 1 (Tenn. Crim. App., Knoxville, Sept. 4, 2001). Accordingly, the Petitioner's "verification" was not under oath and therefore failed the statutory requirements for a valid post-conviction petition. See Tenn. Code Ann. § 40-30-104(e).

[5] "No pro se petition shall be dismissed for failure to follow the prescribed form until the court has given the petitioner a reasonable opportunity to amend the petition with the assistance of counsel." Tenn. R. S. Ct. 28, § (B)(4)(b).

[6] We note that the Tennessee Rules of the Supreme Court define a pro se petition in the context of a post-conviction proceeding as follows: "A pro se petition is one filed by a petitioner without the benefit of counsel." Tenn. R. S. Ct. 28, § 2(A). In this case, the Petitioner admitted he received the "assistance" of an attorney. However, because

(continued...)

previously questioned the continued applicability of <u>Allen</u>, noting that it interpreted a former version of the Post-Conviction Procedure Act, which has subsequently been amended to become more stringent in its requirements. <u>See</u> <u>Blair v. State</u>, 969 S.W.2d 423, 424 (Tenn. Crim. App. 1997). Regardless, as stated above, recent case law mandates that whether "prepared by a petitioner" i.e., pro se, or "by counsel," a post-conviction petition and its amendments "must be verified under oath." <u>Sexton</u>, 151 S.W.3d at 530.

Additionally, as the State asserts in its appellate brief, the trial court in this case did not immediately dismiss the faulty post-conviction petition, but rather gave the Petitioner "reasonable opportunity" to amend his petition. Tenn. R. S. Ct. 28, § 6(B)(4)(b); <u>see also</u> Tenn. Code Ann. § 40-30-106(d). Furthermore, the Petitioner utilized this opportunity to submit an amended petition, which he again completed with the "assistance" of an attorney. Accordingly, we hold that the trial court did not err by dismissing the petition based upon the Petitioner's failure to verify his petition under oath.

In summary, the post-conviction court ordered the Petitioner's amended petition for post-conviction relief to be dismissed because it did not contain a full disclosure of the factual basis upon which the grounds for relief were based, instead relying on bare allegations of a violation of his Sixth Amendment right to effective assistance of counsel with no more than mere conclusions of law to support such allegations. The post-conviction court further found that the Petitioner failed to verify his amended petition under oath. Concluding that the Petitioner failed to meet the statutorily required elements for a proper post-conviction petition, the post-conviction court held that the amended petition did not warrant further proceedings. We conclude that the trial court acted within its discretionary authority in dismissing the Petitioner's petition for post-conviction relief.

## CONCLUSION

Based on the foregoing reasoning and authorities, we affirm the judgment of the trial court.

_____
DAVID H. WELLES, JUDGE

---

[6](...continued)
the Petitioner did not have formal counsel of record, we will, in our consideration of the claims in this appeal, consider his amended post-conviction petition as submitted pro se.