IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 23, 2009

## CLIFTON HARRISON v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Sullivan County**
**No. C55,950    Robert H. Montgomery, Jr., Judge**

---

**No. E2009-00222-CCA-R3-PC - Filed October 11, 2010**

---

The Petitioner, Clifton Harrison, appeals the dismissal of his pro se petition for post-conviction relief by the Criminal Court for Sullivan County. He pled guilty and was convicted of seven offenses of selling cocaine, and he received an effective sentence of twenty years in the Department of Correction. In this appeal, the Petitioner contends that the trial court erred in dismissing his petition without allowing the Petitioner an opportunity to amend the petition with the assistance of counsel. We hold that the trial court should have appointed counsel under the circumstances in this case, and we reverse the judgment of the trial court and remand the case for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed;**
**Case Remanded**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and NORMA MCGEE OGLE, JJ., joined.

Clifton Harrison, Whiteville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; and H. Greeley Wells, Jr., District Attorney General, for the appellee, State of Tennessee.

## OPINION

The Petitioner filed a pro se petition for post-conviction relief, which he verified under oath. He attached a memorandum of law in support of his petition in which he made factual allegations, but he did not sign it or verify it under oath. The trial court filed a preliminary order on November 13, 2008, stating that the Petitioner did not verify his

memorandum of law under oath and did not comply with the requirements of the Post-Conviction Procedure Act. The court granted the Petitioner fifteen days in which to file an amended petition detailing why each ground for relief was not previously presented in an earlier proceeding and to sign and verify the allegations of fact under oath. In these same orders, the trial court informed the Petitioner that failure to submit an amended petition complying with the Act would result in dismissal. More than fifteen days elapsed, and on January 7, 2009, the court dismissed the petition without a hearing.

On January 21, 2009, the Petitioner filed a motion to reconsider the dismissal of his petition for post-conviction relief on the ground that he had complied with the court's November 13, 2008 order because he delivered an amended petition on November 20, 2008, to the prison mail room for mailing to the Sullivan County court clerk. He attached a copy of an Attestation of Receipt for Inmate's Outgoing Legal Correspondence by Prison Official which supported his assertion.

The trial court dismissed the Petitioner's motion to reconsider. The court found that although the Attestation of Receipt reflected that Hardeman County Correctional Facility had received mail from the Petitioner, the court file did not reflect that the mailing had been received. The court found that the memorandum of law attached to the motion to reconsider was identical to the memorandum of law attached to the post-conviction petition except that it had been signed by the Petitioner. It found that the allegations of facts still had not been verified under oath. Finally, the court found that even if the Petitioner had responded to the court's preliminary order within fifteen days, the Petitioner's amended petition failed to comply with the mandatory requirements of the Post-Conviction Procedure Act.

On appeal, the Petitioner contends that the trial court erred in dismissing his petition for post-conviction relief without appointing counsel to amend his petition. The Petitioner insists that he presented a colorable claim for relief that his trial counsel was ineffective. He argues that the Post-Conviction Procedure Act does not require that a pro se petitioner attach a memorandum of law to a petition for post-conviction relief and that the trial court erred when it ruled that he failed to comply with the Act's procedures because the memorandum of law was not notarized. The State contends that the trial court properly dismissed the petition because the Petitioner failed to verify the facts supporting his claims under oath.

A petitioner is required to comply with the requirements of the Post-Conviction Procedure Act as listed in Tennessee Code Annotated section 40-30-104 (2006). A petitioner must list all known claims and verify under oath that all claims have been presented in a petition, as well as explain why a ground for relief was not presented in an earlier proceeding. Id. § 40-30-104(d)-(e); see Burnett v. State, 92 S.W.3d 403, 406 (Tenn. 2002). A trial court must dismiss a petition that fails to include a clear and specific statement of all

grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. T.C.A. § 40-30-106(d) (2006); see Burnett, 92 S.W.3d at 406. However, a court may allow a pro se petitioner to file an amended petition within fifteen days. T.C.A. § 40-30-106(d). A court also may appoint counsel if it determines that a petitioner is indigent and in need of counsel. Id. § 40-30-106(e). Although the Act grants the trial court the discretion to appoint counsel or to amend the petition, it does not mandate such actions. See T.C.A. § 40-30-106(d)-(e); Blair v. State, 969 S.W.2d 423, 425 (Tenn. Crim. App. 1997); see also Powell v. State, 8 S.W.3d 631, 633 (Tenn. Crim. App. 1998). Only after a petition is filed properly will the trial court proceed to determine whether the petition presents a colorable claim. T.C.A. § 40-30-106(f); see Burnett, 92 S.W.3d at 406.

We note that the amended petition that was attached to the Petitioner's motion to reconsider was initially absent from the record on appeal. The trial court clerk filed as a supplement a copy of a memorandum of law signed by the Petitioner, but the copy is not marked or stamped filed by the trial court clerk's office. In any event, it is identical to the original memorandum, but it is signed by the Petitioner under a certification that the memorandum is "true and correct to the best of [his] knowledge, information and belief" and that he is entitled to relief "under the penalty of perjury."

The trial court properly found that the Petitioner's memorandum of law attached to the motion to reconsider was not verified under oath as required by law. See T.C.A. § 40-30-104(e). The Petitioner's certification that the memorandum was "true and correct" was not the equivalent of a verification under oath. See Sexton v. State, 151 S.W.3d 525, 529-30 (Tenn. Crim. App. 2003). On the other hand, the certification "under the penalty of perjury" can be interpreted as an attempt at an appropriate oath. Under these circumstances, we are mindful of our supreme court's requirement that a trial court shall not dismiss a pro se petition "for failure to follow the prescribed form until the court has given petitioner a reasonable opportunity to amend the petition with the assistance of counsel." Tenn. S. Ct. R. 28 § 6(B)(4)(b); see Hutcherson v. State, 75 S.W.3d 929, 931 (Tenn. Crim. App. 2001). The trial court in the present case did not give the Petitioner such an opportunity with the assistance of counsel. Under the circumstances, we conclude that the Petitioner was entitled to the assistance of counsel in amending his petition.

Based on the foregoing and the record as a whole, we reverse the judgment of the trial court and remand the case for the appointment of counsel and for further proceedings as needed.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE