IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 18, 2012

## MICHAEL DESHAY PEOPLES, JR. v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2006-C-1980     Mark J. Fishburn, Judge**

_____

**No. M2011-01866-CCA-R3-PC - Filed May 15, 2012**

_____

A Davidson County Grand Jury indicted petitioner, Michael Deshay Peoples, Jr., for first-degree felony murder, especially aggravated robbery, two counts of aggravated robbery, and one count of aggravated kidnapping. The State dismissed one of the aggravated robbery counts. Following a trial on the remaining counts, a jury found petitioner guilty as charged and sentenced him to life in prison for felony murder. The trial court conducted a sentencing hearing on the remaining counts and ordered concurrent sentences of eighteen years at one hundred percent for especially aggravated robbery; ten years at thirty percent for aggravated robbery; and ten years at one hundred percent for aggravated kidnapping. This court affirmed the convictions and sentences, and the supreme court denied permission to appeal. Petitioner filed a petition for post-conviction relief by checking several boxes on the standard form, but he added no supporting facts. The post-conviction court summarily dismissed the petition. Finding no error, we affirm the post-conviction court's summary dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROGER A. PAGE, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

Michael Deshay Peoples, Jr., Only, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Rob McGuire, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The facts developed at trial and summarized by this court can be reviewed in our opinion on direct appeal. *See Michael Deshay Peoples, Jr.*, No. M2009-01783-CCA-R3-CD, 2010 WL 3528986, at *1-6 (Tenn. Crim. App. Sept. 10, 2010), *perm. app. denied* (Tenn. Feb. 17, 2011).

Petitioner filed a pro se petition for post-conviction relief on June 10, 2011. As grounds for relief, petitioner checked boxes on a standard form provided by the Tennessee Department of Correction and approved by the Tennessee Supreme Court. He alleged, by checking the corresponding boxes, that his convictions were based on evidence gained pursuant to an unconstitutional search and seizure; that his convictions were based on a violation of the privilege against self-incrimination; and that he was denied effective assistance of counsel. An admonition contained within the form advised petitioner to "attach a separate sheet of paper" and "include under each violation [you] claim[,] each and every fact you feel supports it" and "explain in detail how you are prejudiced by the violation and why you are entitled to relief." However, petitioner failed to do so. His petition failed to contain any facts whatsoever in support of his alleged grounds for collateral relief.

The post-conviction court entered an order on July 18, 2011, summarily dismissing the petition because "the petition fail[ed] to present to this Court a full disclosure of factual grounds in which relief would be appropriate." In other words, petitioner failed to comply with the mandatory provisions of the post-conviction procedure statute, which reads:

(d)     The petition must contain a clear and specific statement of all grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings. Failure to state a factual basis for the grounds alleged shall result in immediate dismissal of the petition. If, however, the petition was filed pro se, the judge may enter an order stating that the petitioner must file an amended petition that complies with this section within fifteen (15) days or the petition will be dismissed.

Tenn. Code Ann. § 40-30-106(d) (2006). Further, Tennessee Supreme Court Rule 28, section 5(E)(4), demands that "[t]he petition *shall* contain  specific facts supporting each claim for relief asserted by petitioner." (emphasis added). The rule further provides for dismissal of the petition without a hearing as the consequence for failure to provide

the necessary specific factual allegations in compliance with the rule. Tenn. Sup. Ct. R. 28 § 5(F)(3).

Petitioner appeals the post-conviction court's summary dismissal of his petition for post-conviction relief. Because summary dismissal of a petition for post-conviction relief involves a question of law, we review the order de novo. *Arnold v. State*, 143 S.W.3d 784, 786 (Tenn. 2004); *see Burnett v. State*, 92 S.W.3d 403, 406 (Tenn. 2002).

On appeal, petitioner asserts that the post-conviction court should have allowed him the opportunity to amend his petition to bring it into compliance with the statutory requirements. He cites *Hutcherson v. State*, 75 S.W.3d 929, 931 (Tenn. Crim. App. 2001), as authority for his position. In *Hutcherson*, we held that "[i]t is imperative that factual allegations be made and that the petition be verified as true under oath." *Id.* Notwithstanding, we noted that a post-conviction court has discretion to enter an order allowing a petitioner to file an amended petition complying with the factual allegation requirement within fifteen days or dismissal would result. *Id.*; *see* Tenn. Code Ann. § 40-30-106(d) (2006). Citing Tennessee Supreme Court Rule 28, section 6(B)(4)(b), we reiterated "that a trial court must not dismiss a pro se petition 'for failure to follow the prescribed form until the court has given petitioner a reasonable opportunity to amend the petition with the assistance of counsel.'" *Hutcherson,* 75 S.W.3d at 931.

However, the procedural posture of *Hutcherson* was far different from this case. In *Hutcherson*, petitioner attempted to comply with the statutory requirements of the petition for post-conviction relief by attaching a separate document entitled "Memorandum of Law in Support of Post Conviction Relief." *Id.* at 930. The memorandum was annexed to the petition by the reference, "See Attachment." *Id.* That petitioner failed to verify the facts contained in the memorandum under oath, and the post-conviction court did not extend the verification found in the petition itself to the attachment. Under the limited facts presented in *Hutcherson*, we reversed and remanded to the post-conviction court for appointment of counsel and amendment of the petition.

Employing the same analysis, we reach the opposite conclusion in this case. Petitioner did not attempt to comply with the statutory provisions. The lynchpin of Tennessee Code Annotated section 40-30-106(d) (2006) is that the post-conviction court has discretion to order the amendment of a petition that is devoid of specific factual allegations. Trial courts are not required to do so. When a petitioner simply "checks the boxes" on the provided form, the post-conviction petitioner does not comply with the requirement of alleging specific facts in support of his claims. *See Edward Beard v. State*, No. W2004-00627-CCA-R3-PC, 2005 WL 675260, at *2-3 (Tenn. Crim. App. March 23, 2005). We have recently held, "While courts should be and are more lenient in construing pro se filings, no court can simply ignore

the failure to provide any factual support whatsoever for a claim raised in a pro se post-conviction petition." *State v. Xavier C. Parks*, No. W2007-00142-CCA-R3-PC, 2008 WL 648937, at *1 (Tenn. Crim. App. March 11, 2008). The post-conviction court did not err in summarily dismissing the post-conviction petition in this case.

Accordingly, we affirm the judgment of the post-conviction court.

_____
ROGER A. PAGE, JUDGE