IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
January 8, 2019 Session

**CORDARIUS MAXWELL v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Madison County**
**No. C-17-308          Donald H. Allen, Judge**

_____

**No. W2018-00318-CCA-R3-PC**

_____


J. ROSS DYER, J., dissenting.

I conclude that the post-conviction court properly dismissed the petition for failing to comply with the mandates of Tennessee Code Annotated § 40-30-104(d), (e) and Tennessee Supreme Court Rule 28 § 5(E)(2). Therefore, I respectfully dissent from the majority's opinion reversing the post-conviction court's dismissal of the petition.

A petition for post-conviction relief and any amended petition "shall be verified under oath." Tenn. Code Ann. § 40-30-104(e); *see* Tenn. Sup. Ct. R. 28 § 5(E)(2) (requiring that a post-conviction petition include an affidavit from the petitioner). "It is imperative that factual allegations be made and that the petition be verified as true under oath." *Hutcherson v. State*, 75 S.W.3d 929, 931 (Tenn. Crim. App. 2001). The purpose of this requirement is to "deter or to reduce intentionally false allegations primarily made by petitioners by exposing them to aggravated perjury charges," which ultimately results in a more efficient use of the judicial system. *Sexton v. State*, 151 S.W.3d 525, 530 (Tenn. Crim. App. 2004). "Whether prepared by a petitioner or by counsel, the petition and its amendments must be verified under oath." *Id.*

Here, the petitioner's counsel filed the petition for post-conviction relief on November 16, 2017, absent a verification oath signed by the petitioner. On December 6, 2017, the State filed a response indicating, among other things, that the petition "fails to meet the mandates of Tennessee Code Annotated § 40-30-104(c), (d), (e), (f), (g) and must be dismissed." Despite being on notice the petition lacked a verification oath, *see* Tennessee Code Annotated § 40-30-104(d), (e), the petitioner failed to attempt to correct his error. Then, on January 25, 2017, fifty days after the State filed its motion to dismiss,

the post-conviction court entered an order dismissing the petition for failing to include a signed verification oath.

Although the petitioner's counsel prepared the petition for post-conviction relief, the petitioner was required to verify the petition under oath but failed to do so. "Petitions which are incomplete shall be filed by the clerk, but shall be completed as set forth in an order entered in accordance with § 40-30-106(d)." Tenn. Code Ann. § 40-30-104(b). Tennessee Code Annotated section 40-30-106(d) provides that if "the petition was filed pro-se, the judge may enter an order stating that the petitioner must file an amended petition that complies with this section within fifteen (15) days or the petition will be dismissed." Furthermore, "[n]o pro se petition shall be dismissed for failure to follow the prescribed form until the court has given petitioner a reasonable opportunity to amend the petition with the assistance of counsel." Tenn. S. Ct. R. 28 § 6(B)(4)(b). While I understand and respect the majority opinion's position that allowing a pro se litigant the opportunity to amend while not allowing a petitioner represented by counsel the same could "discourage[] a petitioner from seeking the assistance of counsel before filing a post-conviction petition," the principles of statutory construction require me to presume both the Tennessee Supreme Court and our legislature were aware of this potential "conflict" yet purposefully chose not to create an exception for those represented by counsel. I believe I am constrained to follow the law as promulgated by our legislature and our supreme court.

In reaching this result, I also feel it necessary to address the timeline of events and the notice of deficiency provided to the petitioner. The majority seems to suggest the State's "notice" was not sufficient and the petitioner only received notice of the deficiency upon receiving the post-conviction court's order. I do not believe the record supports this conclusion. First, the State's December 6, 2017 motion to dismiss clearly stated that the petition did not meet the mandates of Tenn. Code Ann. 40-30-108 and provided the sections of the statute it relied on. Therefore, the petitioner was on notice upon receiving the State's motion. Second, as to the sufficiency of the State's notice, other than requiring the State to admit or deny each allegation and to assert any affirmative defenses, neither the rule nor the statute give specific direction or guidelines as to how the State's answer or motion should be worded. *See* Tenn. Code Ann. § 40-30-108; Tenn. S. Ct. R. 28 § 5(G). While the State did not elaborate by directly quoting the sections, the State specifically plead that the petition "fails to meet the mandates of Tennessee Code Annotated § 40-30-104(c), (d), (e), (f), (g) and must be dismissed."[1]

---

[1] The sections of Tenn. Code Ann. § 40-20-104 applicable here state,
(d) The petitioner shall include all claims known to the petitioner for granting post-conviction relief and *shall verify under oath* that all the claims are included.

- 2 -

Thus, unlike the petition in this matter, the State's response complied with the statute and was not deficient.

As noted above, fifty days lapsed between the filing of the State's motion to dismiss, which placed the petitioner and counsel on notice of the deficiencies, and the trial court entering an order of summary dismissal for the same. At no point during those fifty days did the petitioner or his attorney attempt to amend or correct the deficiencies in his filing. The failure to verify the petition could have easily been corrected prior to the post-conviction court's order of dismissal. Accordingly, I would affirm the post-conviction court's judgment.

_____
J. ROSS DYER, JUDGE

---

(e) The petitioner shall include allegations of fact supporting each claim for relief set forth in the petition and allegations of fact explaining why each ground for relief was not previously presented in any earlier proceeding. *The petition and any amended petition shall be verified under oath.* Affidavits, records or other evidence available to the petitioner supporting the allegations of the petition may be attached to it.

Tenn. Code Ann. § 40-30-104(d), (e) (emphasis added).