IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
January 8, 2019 Session

**CORDARIUS MAXWELL v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Madison County**
**No. C-17-308        Donald H. Allen, Judge**

_____

**No. W2018-00318-CCA-R3-PC**

_____

The Petitioner, Cordarius Maxwell, appeals the post-conviction court's summary dismissal of his petition for post-conviction relief based upon the Petitioner's failure to include a signed oath verifying his claims. We conclude that the post-conviction court erred in summarily dismissing the petition without first providing the Petitioner with an opportunity to correct the deficiency. Accordingly, we reverse the post-conviction court's judgment and remand the case to allow the Petitioner the opportunity to correct the deficiency and for further proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed;**
**Case Remanded**

JOHN EVERETT WILLIAMS, P.J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN, J. joined. J. ROSS DYER, J., filed a separate dissenting opinion.

Michael E. Scholl, Memphis, Tennessee, for the Appellant, Cordarius R. Maxwell.

Herbert H. Slatery III, Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; Jody Pickens, District Attorney General; and Al Earls, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**FACTUAL AND PROCEDURAL BACKGROUND**

Following a jury trial, the Petitioner was conviction of robbery, aggravated robbery, vandalism of property valued at $1,000 or more, employing a firearm during the commission of a dangerous felony, six counts of attempted second degree murder, and

six counts of aggravated assault. The trial court merged the six aggravated assault convictions into the six attempted second degree murder convictions and imposed an effective sentence of thirty years. This court affirmed the Petitioner's convictions and sentences on direct appeal. *See State v. Demetrius J. Pirtle and Cordarius R. Maxwell*, No. W2014-02222-CCA-R3-CD, 2016 WL 4009712, at *1 (Tenn. Crim. App. July 22, 2016).

The Petitioner retained counsel and filed a petition for post-conviction relief on November 16, 2017, asserting that he received ineffective assistance of counsel at trial. Post-conviction counsel failed to attach an oath signed by the Petitioner that verified the Petitioner's claims. Instead, counsel filed an unsigned oath. The State filed a response, arguing that the petition should be dismissed because it was not "in proper form." The State also responded that "[t]he petition fails to meet the mandates of Tennessee Code Annotated § 40-30-104(c), (d), (e), (f), (g) and must be dismissed." On January 25, 2018, the post-conviction court entered an order finding that the Petitioner failed to verify the petition under oath as required by Tennessee Code Annotated section 40-30-104(e) and Tennessee Supreme Court Rule 28 and dismissed the petition.

On February 1, 2018, the Petitioner filed a "Motion to Reconsider Preliminary Order and to Amend Petition for Relief from Conviction or Sentence," in which he stated that the failure to include the signed verification under oath was inadvertent. The Petitioner attached an amended post-conviction petition that included a verification that was signed by the Petitioner and notarized on November 1, 2017, approximately two weeks before the initial petition was filed. The State filed a response in which it again alleged that the Petitioner failed to meet the procedural requirements in filing a petition and failed to include allegations of fact to support a claim for relief.

On February 20, 2018, the Petitioner filed a response, in which he maintained that the petition stated a colorable claim and that counsel had the proper verification from the Petitioner but inadvertently failed to attach it to the original petition. According to the response, counsel first learned of his mistake when he received the post-conviction court's order of dismissal and that he corrected the mistake soon thereafter. The Petitioner noted that the trial court had scheduled a hearing on the motion to reconsider on March 12, 2018, which would fall outside the time period for filing a notice of appeal, and that a motion to reconsider did not toll the deadline for filing a notice of appeal. The post-conviction court did not change the date of the hearing on the motion, and the Petitioner filed a timely notice of appeal prior to the hearing on the motion to reconsider.

## ANALYSIS

The Petitioner asserts that the post-conviction court erred in summarily dismissing his petition for post-conviction relief. The State responds that the post-conviction court properly dismissed the petition because the petition was "procedurally defective" and the Petitioner failed to correct the defect after the State provided notice of the defect in its response.

In filing a petition for post-conviction relief, a petitioner "shall include all claims known to the petitioner for granting post-conviction relief and shall verify under oath that all the claims are included." T.C.A. § 40-30-104(d). The petition and any amended petitions "shall be verified under oath." T.C.A. § 40-30-104(e); *see* Tenn. Sup. Ct. R. 28, § 5(E)(2); *Hutcherson v. State*, 75 S.W.3d 929, 931 (Tenn. Crim. App. 2001) ("It is imperative that factual allegations be made and that the petition be verified as true under oath."). The "goal" of this statutory requirement is "to deter or to reduce intentionally false allegations primarily made by petitioners by exposing them to aggravated perjury charges." *Sexton v. State*, 151 S.W.3d 525, 530 (Tenn. Crim. App. 2004). The verification requirement "is not satisfied by counsel's certification," and "[w]hether prepared by a petitioner or by counsel, the petition and its amendments must be verified under oath." *Id.*

The Petitioner failed to verify his initial petition under oath as required by Tennessee Code Annotated section 40-30-104(e). Pursuant to statute and the Tennessee Supreme Court Rules, the Petitioner would have had the opportunity to correct the deficiency had he prepared and filed his petition pro se. Tenn. S. Ct. R. 28, § 6(B)(4)(b) (providing that "[n]o pro se petition shall be dismissed for failure to follow the prescribed form until the court has given petitioner a reasonable opportunity to amend the petition with the assistance of counsel"); *see* T.C.A. 40-30-106(d) (providing that if "the petition was filed pro se, the judge may enter an order stating that the petitioner must file an amended petition that complies with this section within fifteen (15) days or the petitioner will be dismissed"). This court has reversed a post-conviction court's summary dismissal of a petitioner's pro se post-conviction petition based on the failure to properly verify the petition when the post-conviction court did not afford the petitioner the opportunity to correct the deficiency. *See, e.g., Jerome Lionel Price v. State*, No. M2010-01633-CCA-R3-PC, 2011 WL 2671821, at *4 (Tenn. Crim. App. July 7, 2011); *Clifton Harrison v. State*, No. E2009-00222-CCA-R3-PC, 2010 WL 3949344, at *2 (Tenn. Crim. App. Oct. 11, 2010). To allow a pro se petitioner an opportunity to amend without affording such an opportunity to a petitioner who is represented by counsel essentially discourages a petitioner from seeking the assistance of counsel before filing a post-conviction petition.

Furthermore, this court has recognized a post-conviction court's authority to allow a petitioner the opportunity to correct a petition that has been filed by counsel and has not been verified by the petitioner. In *State v. Sexton*, this court held that the petitioner's failure to verify under oath an amended petition prepared by counsel did not limit the petitioner's claims raised in the amended petition when the post-conviction court did not notify the petitioner of the deficiency until the evidentiary hearing, the petitioner verified previous pleadings under oath, the court "easily could have allowed the petitioner to verify" the amended petition, and the court heard sworn testimony from the petitioner and trial counsel relative to the claims raised in the amended petition. 151 S.W.3d at 530.

This court also has recognized that when a petitioner files a pro se petition that is not verified and when the deficiency is not corrected after the appointment of counsel, a post-conviction court should not dismiss the petition unless the petitioner is provided notice of the deficiency and afforded an opportunity to correct it. In *Jerry Timberlake v. State*, this court reversed the post-conviction court's summary dismissal of a petitioner's post-conviction petition that was not verified either before or after the appointment of counsel when the petitioner had no notice of the issue until the day of the evidentiary hearing and the post-conviction court failed to offer the petitioner the opportunity to avoid summary dismissal by executing the proper verification of the petition under oath. No. W2008-00037-CCA-R3-PC, 2009 WL 302294, at *2-3 (Tenn. Crim. App. Feb. 5, 2009); *see also Willis Ayers v. State*, No. W2010-01634-CCA-R3-PC, 2011 WL 2533795, at *4 (Tenn. Crim. App. June 24, 2011) (rejecting the State's argument that the petitioner's failure to verify the initial and amended post-conviction petitions warranted dismissal of the petitions when the State did not raise the issue until the appeal and the post-conviction court could have given the petitioner the opportunity to correct the deficiency had the post-conviction court been made aware of the deficiency).

The State argues that it provided notice of the Petitioner's failure to verify the petition in its response to the petition and relies upon the State's response that "[t]he petition fails to meet the mandates of Tennessee Code Annotated § 40-30-104(c), (d), (e), (f), (g) and must be dismissed." The State's response does not specify how the petition fails to meet the provisions, and in fact, there is no deficiency under any of the cited subsections save those related to verification. The petition limits the assertion of claims for relief from the judgment or judgments entered in a single trial or proceeding as required by subsection (c), includes allegations of fact supporting the claims as required by subsection (e), and provides the name of the attorney who drafted the petition as required by subsection (f). Subsection (g) relates to amendments to the petition and is not applicable to the Petitioner's petition. The statement in the State's response to the petition is nothing more than "canned" language that did not provide the Petitioner with notice of the deficiency.

- 4 -

The failure to verify the petition could have easily been corrected had the Petitioner been provided with notice of the deficiency. The Petitioner was only notified of the deficiency through the post-conviction court's order dismissing the petition. Counsel attempted to correct the deficiency by including the verification following the entry of the post-conviction court's order. Counsel explained that the Petitioner's signed and notarized verification was inadvertently excluded from the petition. The Petitioner's verification submitted to the post-conviction court following its order of dismissal was signed by the Petitioner and notarized on November 1, 2017, approximately two weeks before the initial petition was filed. Under the unique circumstances of this case, the court concludes that the post-conviction court should have provided the Petitioner with a reasonable opportunity to correct the petition before summarily dismissing it.

## CONCLUSION

This court holds that the post-conviction court erred in summarily dismissing the Petitioner's petition. Accordingly, we reverse the judgment of the post-conviction court and remand the case to the post-conviction court to allow the Petitioner an opportunity to correct the deficiency by filing a verification signed under oath and for further proceedings consistent with this opinion.

_____
JOHN EVERETT WILLIAMS, PRESIDING JUDGE