IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

AUGUST SESSION, 1998

FILED

October 6, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| TIMOTHY R. POWELL, | ) | C.C.A. NO. 01C01-9708-CR-00379 |
| | ) | |
| Appellant, | ) | |
| | ) | |
| | ) | DAVIDSON COUNTY |
| VS. | ) | |
| | ) | HON. FRANK G. CLEMENT |
| STATE OF TENNESSEE, | ) | JUDGE |
| | ) | |
| Appellee. | ) | (Post-Conviction) |

ON APPEAL FROM THE JUDGMENT OF THE
PROBATE COURT OF DAVIDSON COUNTY

FOR THE APPELLANT:

TIMOTHY R. POWELL
Pro Se
7466 Centennial Blvd.
Nashville, TN 37209

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

LISA A. NAYLOR
Assistant Attorney General
425 5th Avenue North
Nashville, TN 37243-0493

VICTOR S. JOHNSON
District Attorney General

BERNARD McEVOY
Assistant District Attorney General
Washington Square, Suite 500
222 2nd Avenue North
Nashville, TN 37201-1649

OPINION FILED _____

AFFIRMED

DAVID H. WELLES, JUDGE

# <u>OPINION</u>

The Defendant, Timothy R. Powell, appeals as of right from the order of the trial court summarily dismissing his second petition for post-conviction relief. We affirm the judgment of the trial court.

Following a jury trial, the Defendant was found guilty of vehicular homicide by intoxication and reckless endangerment. His convictions and his effective sentence of eight years were affirmed by this court. <u>State v. Timothy R. Powell</u>, C.C.A. No. 01-C-01-9508-CR-00276, Davidson County (Tenn. Crim. App., Nashville, Sept. 19, 1996).

The Defendant's first pro se petition for post-conviction relief was filed September 18, 1995. The trial court initially entered an order dismissing the petition because his conviction was being reviewed on direct appeal. The court subsequently set aside its order of dismissal and appointed counsel to represent the Defendant in his post-conviction proceeding. Counsel filed an amended petition for post-conviction relief on the Defendant's behalf on June 14, 1996. In April 1997, the Defendant filed a petition to remove his counsel and a motion for appointment of new counsel. The Defendant also filed a motion to continue and reset the hearing date for his post-conviction proceeding. On April 17, 1997, the trial court granted the Defendant's motion to reset the post-conviction hearing date and denied the Defendant's motion that counsel be removed and new counsel appointed.

The post-conviction hearing was then set for June 2, 1997. On June 2, 1997, as reflected in the minutes of the trial court, the Defendant was present along with his counsel. At that time the court denied the Defendant's motion for an interlocutory appeal and for an extraordinary appeal. The court granted the Defendant's motion to withdraw his petition for post-conviction relief and granted the motion by Defendant's counsel to be allowed to withdraw as counsel for the Defendant.

On July 18, 1997, the Defendant, acting pro se, filed a lengthy, rambling, and confusing petition for post-conviction relief. His petition alleges generally that his right to a fair trial was violated by a biased jury, faulty indictment, selective prosecution, vindictive prosecution, improper jury instructions, mental competency violations, double jeopardy, and ineffective assistance of counsel— all of which rendered his conviction unconstitutional and void.

The trial court found that the petition should be dismissed based upon Tennessee Code Annotated § 40-30-206(d), which provides as follows:

> The petition must contain a clear and specific statement of all grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings. Failure to state a factual basis for the grounds alleged shall result in immediate dismissal of the petition. If, however, the petition was filed pro se, the judge may enter an order stating that the petitioner must file an amended petition that complies with this section within fifteen (15) days or the petition will be dismissed.

Tenn. Code Ann. § 40-30-206(d).

We do not believe that the trial court erred by dismissing this petition. The petition does not contain a clear and specific statement of the grounds upon which relief is sought, nor does it contain a full disclosure of the factual basis of the grounds asserted. The petition does contain many bare allegations of violations of constitutional rights and many mere conclusions of law. Although the statute grants the trial judge the discretion to allow a pro se petitioner fifteen days within which to amend the petition to comply with the code section, the statute does not mandate that the judge do so. The trial court noted that the Defendant's former pro se petition for post-conviction relief had been amended with the assistance of court-appointed counsel, and that subsequently the Defendant petitioned to remove his counsel and eventually moved to withdraw the prior post-conviction petition. The Post-Conviction Procedure Act contemplates the filing of only one petition. Tenn. Code Ann. § 40-30-202(c).

The trial court ordered that the petition be dismissed because it did not contain clear and specific statements of grounds, including full disclosure of the factual basis of the grounds, and because it contained bare allegations of violations of constitutional rights with mere conclusions of law and was therefore not sufficient to warrant further proceedings. In the procedural context of this case, we believe the trial judge acted within his discretionary authority.

The judgment of the trial court is affirmed.

_____
DAVID H. WELLES, JUDGE

-4-

CONCUR:

_____
JERRY L. SMITH, JUDGE


_____
JOHN K. BYERS, SPECIAL JUDGE