IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs February 1, 2005

## EDWARD BEARD v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Gibson County
No. 16308     Clayburn Peeples, Judge**

_____

**No. W2004-00627-CCA-R3-PC  - Filed March 23, 2005**

_____

This appeal arises from the post-conviction court's dismissal of the Petitioner's petition for post-conviction relief.  The Petitioner, Edward Beard, pled guilty to one count of rape, and the trial court sentenced him to eight years in prison, to be served at 100%.  The Petitioner filed a pro se petition for post-conviction relief.  The trial court summarily dismissed the Petitioner's petition because the Petitioner failed to submit any facts in support of his claims for relief.  Finding no error in the judgment of the post-conviction court, we affirm the dismissal of the Petitioner's petition for post-conviction relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Edward Beard, pro se

Paul G. Summers, Attorney General and Reporter; David E. Coenen, Assistant Attorney General; Garry G. Brown, District Attorney General; and Gary Brown, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION
### I.  Facts

        This appeal arises from the post-conviction court's dismissal of the Petitioner's petition for post-conviction relief.  The Gibson County Grand Jury indicted the Petitioner for two counts of rape of a child.  The Petitioner subsequently pled guilty to one count of the lesser-included charge of

rape.[1]  The trial court sentenced the Petitioner to eight years in prison, to be served at 100%.  The Petitioner filed a pro se petition for post-conviction relief, which the post-conviction court summarily dismissed.

The Petitioner filed his petition for post-conviction relief on the standard form provided by the State of Tennessee.  This form contains a list of several specific claims for relief, which is preceded by the following instructions:

Specify every ground on which you claim that you are being held unlawfully, by placing a check mark on the appropriate line(s) below and providing the required information or by attaching separate pages.

INCLUDE ALL FACTS WHICH SUPPORT THE GROUNDS YOU CLAIM.

Following the list of possible grounds for relief, the form further sets forth the following information:

THE LIST ABOVE DOES NOT INCLUDE A COMPLETE LIST OF ALL CONSTITUTIONAL VIOLATIONS.  YOU MAY ADD ANY OTHERS YOU DEEM APPROPRIATE.  ATTACH A SEPARATE SHEET OF PAPER LISTING EACH CONSTITUTIONAL VIOLATION THAT YOU CLAIM, LIST EACH AND EVERY FACT YOU FEEL SUPPORTS THIS GROUND.  EXPLAIN IN DETAIL HOW YOU ARE PREJUDICED BY THE VIOLATION AND WHY YOU ARE ENTITLED TO RELIEF.  BE SPECIFIC. . . .

On the petition form, the Petitioner placed check marks next to several of the various listed grounds for relief.  The Petitioner, however, did not list any facts in support of any of these grounds.  The post-conviction court entered an order dismissing the petition for post-conviction relief, stating:

This cause came to be heard on the 1st day of March 2004, . . . upon the Petition for Post Conviction Relief filed on behalf of [the Petitioner], and the entire record in this cause, from all of which it satisfactorily appears to the Court that the said Petition for Post Conviction Relief fails to state any ground or claim upon which relief should be granted under the Post Conviction Procedures Act, and that said petition should be dismissed . . . .

## II. Analysis

The Petitioner appeals the post-conviction court's dismissal of his petition for post-conviction relief, contending that the court erred when it dismissed his petition without appointing

[1]The second count of rape of a child was nolle prosqui.

counsel and allowing counsel fifteen days to file an amended petition. Specifically, the Petitioner asserts that he did not understand the procedures required in filing a petition for post-conviction relief or the need to provide specific facts in support of his claims. The State counters that the Petitioner has waived this claim by failing to cite to the appellate record in his brief to this Court and, alternatively, that the Petitioner is not entitled to the relief he seeks.

In order to obtain post-conviction relief, a petitioner must show that his or her conviction or sentence is void or voidable because of the abridgment of a constitutional right. Tenn. Code Ann. § 40-30-103 (2003). The petitioner bears the burden of proving factual allegations in the petition for post-conviction relief by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f). A post-conviction court's factual findings are subject to a de novo review by this Court; however, we must accord these factual findings a presumption of correctness, which is overcome only when a preponderance of the evidence is contrary to the post-conviction court's factual findings. Fields v. State, 40 S .W.3d 450, 456 (Tenn. 2001). A post-conviction court's conclusions of law are subject to a purely de novo review by this Court, with no presumption of correctness. Id. at 457.

## A. Waiver

Rule 10(b) of the Tennessee Rules of the Court of Criminal Appeals states, "Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this Court." Although the State is arguably correct that the Petitioner has waived the issues he raises on appeal by failing to provide appropriate references to the record, the Petitioner did, in fact, refer to the record once and acknowledge that this reference was insufficient. In the interest of justice, we decline to rule in favor of the State on the waiver issue, and we will address the Petitioner's claim on the merits.

## B. Failure to Assert Supporting Facts

The Petitioner argues that the trial court should have appointed counsel for him and allowed him to amend his petition for post-conviction relief. Notably, the Petitioner admits that "he only checked the boxes listing the grounds for relief and submitted no facts, whatsoever in support of those grounds." The Petitioner argues, however, that he is entitled to relief because his failure to assert a factual basis for his claims arose from his ignorance of the requirements of the Post Conviction Procedures Act. Conversely, the State argues that the post-conviction petition form states that specific facts are required and, therefore, the Petitioner can not blame his failure to provide any facts on ignorance.

The Post Conviction Procedures Act provides the specific requirements for all petitions for post-conviction relief. See Tenn. Code Ann. § 40-30-101, et. seq. (2003). Tennessee Code Annotated section 40-30-106(d) (2003) states:

> The petition must contain a clear and specific statement of all grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. A bare

allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings. Failure to state a factual basis for the grounds alleged shall result in immediate dismissal of the petition. If, however, the petition was filed pro se, the judge may enter an order stating that the petitioner must file an amended petition that complies with this section within fifteen (15) days or the petition will be dismissed.

Section 40-30-106(d) clearly explains that a petition failing to provide the factual basis of a claim *shall* be dismissed. Section 40-30-106(d) also states that the trial court *may* grant the petitioner fifteen days to amend his petition to comply with the requirements of the Post Conviction Procedures Act. The Act, however, does not require the court to provide this opportunity. In Powell v. State, this Court explained, "[a]lthough the statute grants the trial judge the discretion to allow a pro se petitioner fifteen days within which to amend his petition to comply with the code section, the statute does not mandate that the judge do so." Powell v. State, 8 S.W.3d 631, 633 (Tenn. Crim. App. 1998). The discretion of the post-conviction court, however, is not limitless. See William Patrick Robinson v. State, No. W2003-01393-CCA-R3-PC, 2004 WL 875267, at *3 (Tenn. Crim. App. at Jackson, April 22, 2004) *no perm. app. filed*. In Robinson, we reversed the post-conviction court's dismissal of the petitioner's petition for post-conviction relief, finding that the petitioner had asserted facts in support of his claims for relief. This Court stated:

> [W]e conclude that the Petitioner asserted specific facts to support his two colorable claims . . . . The Petitioner specifically alleges that the trial court and his trial counsel failed to inform him of: (1) his right to a jury trial; (2) his right to confront witnesses testifying against him; and (3) his right against self-incrimination. The Petitioner also alleged that he was "persuaded to plead guilty by promises which were not kept" and "by threats [made by] the judge, lawyer, police, and prosecuting attorney."

Id.; see Donald Mitchell Green v. State, No. E2000-01941-CCA-R3-PC, 2001 WL 872791, at *3 (Tenn. Crim. App., at Knoxville, Aug. 2, 2001) *no perm. app. filed* (holding "While inartfully drawn, the petition alleges that trial counsel induced the petitioner into pleading guilty because he was assured that he would receive a 20-year sentence; that trial counsel failed to file a motion to withdraw his guilty plea; and that he was pressured into pleading guilty because of trial counsel's errors and ill preparation . . . [the petitioner] is entitled to the appointment of counsel and an evidentiary hearing on his claims. . . .").

Conversely, in the case under submission, the Petitioner wholly and completely failed to assert any facts in support of his claims for relief. The Petitioner provided nothing more than "bare allegation[s] that a constitutional right has been violated and mere conclusions of law," which are not "sufficient to warrant any further proceedings." Burnett v. State, 92 S.W.3d 403, 406 (Tenn. 2002) (citing Tenn. Code. Ann. § 40-30-206(d)). Moreover, the Petitioner filed his petition for post-conviction relief on the standard form. This form specifically instructs that the petition requires the Petitioner to "include all facts which support the grounds," and the form reiterates this requirement in a separate location stating, "attach a separate sheet of paper listing each constitutional violation

[claimed], [and] list each and every fact that . . . supports this ground." Furthermore, both statements are printed conspicuously in large capital letters. Thus, we conclude that the post-conviction court did not err when it dismissed the Petitioner's post-conviction petition, and the Petitioner is not entitled to relief based on his claims of ignorance. This issue is without merit.

### III. Conclusion

In accordance with the foregoing reasoning and authorities, we affirm the judgment of post-conviction court.

_____
ROBERT W. WEDEMEYER, JUDGE