IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 3, 2007

## STATE OF TENNESSEE v. XAVIER C. PARKS

**Appeal from the Circuit Court for Hardeman County**
**No. 06-01-0252   J. Weber McCraw, Judge**

————————————

**No. W2007-00142-CCA-R3-PC  - Filed March 11, 2008**

————————————

On August 10, 2006, Petitioner, Xavier C. Parks, pleaded guilty in Hardeman County to a single count of aggravated burglary and he was sentenced to six years of incarceration as a Range I Standard Offender.  Petitioner did not appeal the sentence.  On November 6, 2006, Petitioner filed a pro se post-conviction petition.  He used a form post-conviction petition provided by the State of Tennessee and simply checked the boxes beside two common grounds alleged in post-conviction proceedings: (1) "conviction was based on unlawfully induced guilty plea or guilty plea involuntarily entered without understanding of the nature and consequences of the plea;" and (9) "denial of effective assistance of counsel."  The petition contained no facts which would support these alleged grounds for collateral relief, and the post-conviction judge dismissed the petition for that reason. We are constrained to agree with the post-conviction court and, therefore, affirm the dismissal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

Xavier C. Parks, Pro Se, Whiteville, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; Elizabeth Rice, District Attorney General, and Joe Van Dyke, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Tennessee Code Annotated section 40-30-104(e) provides, in pertinent part, with respect to post-conviction petitions that: " The petitioner shall include allegations of fact supporting each claim for relief set forth in the petition. . . ." Tennessee Code Annotated section 40-30-106(d) states:

> The petition must contain a clear and specific statement of all grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings. Failure to state a factual basis for the grounds alleged shall result in immediate dismissal of the petition. If, however, the petition was filed pro se, the judge may enter an order stating that the petitioner must file an amended petition that complies with this section within fifteen (15) days or the petition will be dismissed.

Moreover, Tennessee Supreme Court Rule 28, section 5(E)(4) provides that the post-conviction petition must contain "specific facts supporting each claim for relief asserted by [the] petitioner." Petitions that do not have specific factual allegations are subject to summary dismissal. Tenn. Sup. Ct. R. 28, § 5(F)(3).

The form post-conviction petition used by Petitioner contains the following instructions in large block letters:

> DO NOT JUST PLACE CHECKS ON THE LINES; PROVE EVERY GROUND
>
> INCLUDE ALL FACTS WHICH SUPPORT THE GROUND YOU CLAIM
> . . . .
> UNDER EACH CLAIMED VIOLATION LIST EACH AND EVERY FACT YOU FEEL SUPPORTS THE GROUND. EXPLAIN IN DETAIL HOW YOU ARE PREJUDICED BY THE VIOLATION AND WHY YOU ARE ENTITLED TO RELIEF. BE SPECIFIC!!!

Because this form is almost always used by pro se petitioners, these instructions are in plain language and prominently featured in the form. While courts should be and are more lenient in construing pro se filings, no court can simply ignore the failure to provide any factual support whatsoever for a claim raised in a pro se post-conviction petition.

Even a cursory review of the post-conviction petition in this case reveals that there are simply no specific factual allegations set forth to support Petitioner's claims that his guilty plea was

involuntary or that his trial counsel was ineffective. Under these circumstances, the petition is subject to summary dismissal. *See e.g. Edward Beard v. State*, No. W2004-00627-CCA-R3-PC, 2005 WL 675260, at *2-3 (Tenn. Crim. App., at Jackson, Mar. 23, 2005) (holding that merely checking sample of common post-conviction claims on a state provided form post-conviction petition does not comply with requirement of specific factual allegations.)

It is true, of course, that Tennessee Code Annotation section 40-30-106(d) gives trial courts the discretion to order the amendment of pro se petitions without specific factual allegations within fifteen days. We stress, however, that this power to order such an amendment is discretionary only, trial courts are not required to allow amendments to pro se post-conviction petitions that do not factually support claimed constitutional deprivations. *Powell v. State*, 8 S.W.3d 631, 633 (Tenn. Crim. App. 1998).

Conclusion

In light of the foregoing, the judgment of the post-conviction court is affirmed.

_____
JERRY L. SMITH, JUDGE