IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 24, 2008

## MICHAEL H. PALMER v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Sullivan County**
**Nos. C53,731; C53,471    Robert H. Montgomery, Jr., Judge**

_____

**No. E2007-02538-CCA-R3-PC - Filed March 10, 2009**

_____

The petitioner, Michael H. Palmer, appeals the dismissal of his pro se petitions[1] for post-conviction relief in the Criminal Court for Sullivan County. He claims to have entered guilty pleas to reckless endangerment and telephone harassment and to have entered a nolo contendere plea to assault. On appeal, he contends that the trial court erred in dismissing the petitions without appointing counsel and in refusing to rescind the order dismissing the post-conviction petitions. We affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which DAVID H. WELLES and JERRY L. SMITH, JJ., joined.

Ben H. Houston, Knoxville, Tennessee, for the appellant, Michael H. Palmer.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and Teresa Ann Nelson, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The brief record reveals the following facts. The petitioner filed two motions "for post sentence relief" from his three convictions in two cases. The trial court treated them as petitions for post-conviction relief and issued orders, filed May 23, 2007, stating that the petitioner did not verify his petitions under oath and did not comply with the requirements set out in Tennessee Code Annotated sections 40-30-104 and -106, but the trial court granted the petitioner fifteen days in which to file amended petitions conforming to the requirements of the Post-Conviction Procedure Act. In these same orders, the trial court admonished the petitioner that failure to submit amended petitions complying with the Act would result in dismissal of the petitions. The petitioner did not submit anything further to the trial court, which dismissed the petitions in orders filed August 8, 2007.

---

[1]This court consolidated the petitioner's two cases.

At some point thereafter, the petitioner obtained counsel, who, on August 28, 2007, filed two motions "to set aside order dismissing petitioner's petition for post-conviction relief and to grant the petitioner leave to file an [amended] petition for post-conviction relief within 30 days." The State responded to this motion, and a hearing was set. At the hearing, the petitioner's counsel informed the trial court that the petitioner had injured his knee and would not be at the hearing. The trial court allowed the parties to continue the hearing (to set aside the order dismissing the petitions) to ensure the petitioner's presence. The trial court and the petitioner's counsel discussed the thirty-day notice of appeal period, and a new hearing date was set for October 12, 2007, at which the petitioner again did not appear. His counsel stated that the petitioner did not attend a scheduled bail hearing earlier that week. The trial court issued orders denying the motions to set aside the orders dismissing the petitions.

We note that the petitioner's notices of appeal refer only to appeals of the orders denying the motions to set aside the dismissal orders. The petitioner's brief, however, assails both the dismissal of the post-conviction cases and the denial of the motions to set aside the dismissals. The State responds to both contentions. Although the dismissal orders are not included in the notices of appeal, they were addressed by both parties. The filing of a notice of appeal, however, is not jurisdictional in criminal cases, and we waive the filing of the notices of appeal in the interest of justice of the orders dismissing the post-conviction petitions. T.R.A.P. 4(a).

The petitioner contends the trial court erred by dismissing the pro se petitions without appointing counsel as he claims the court was required to do by Tennessee Code Annotated section 40-30-107 (2006). He asserts that he is indigent, and as such, was entitled to appointed counsel. Relying on State v. Swanson, 749 S.W.2d 731, 734 (Tenn. 1988), he argues that when "a colorable claim is presented in a pro se petition, dismissal without appointment of counsel to draft a competent petition is rarely proper." Id. The State responds that the trial court properly dismissed the petitions because the petitioner did not comply with Code sections 40-30-104(d) and (e) (2006) and that the trial court was not required to appoint counsel because the petitioner did not allege a colorable claim for relief.

We agree with the State under the circumstances of this case. According to Code section 40-30-106(b) (2006), a trial court may summarily dismiss a petition that fails "to state a factual basis" for the relief demanded. The petitioner is required to comply with the requirements listed in Code section 40-30-104 (2006), including listing all claims for relief known to the petitioner and verifying under oath that all claims have been presented in a petition, as well as explaining why a ground for relief was not presented in an earlier proceeding. T.C.A. § 40-30-104(d)-(e) (2006).

In the present case, the petitioner has not stated a factual basis for post-conviction relief, explained why an alleged ground for relief was not presented at an earlier proceeding, or verified each petition under oath. See T.C.A. § 40-30-106(d); id., § 40-30-104(d), (e). The petitioner claims that he pled guilty to charges of phone harassment and reckless endangerment and that he pleaded nolo contendere to domestic assault. He claims he entered his pleas on the advice of his attorneys, but he states that he is innocent of the crimes; that he never saw copies of the complaints against him; that his wife, the complainant, participated in a conference with him and his attorney and advised him to plead guilty, and that he did not know she was the complainant against him; and that the crimes did not take place in Sullivan County. "Post-conviction relief is not a forum to review

errors of law as a substitute for direct appeal." State v. McClintock, 732 S.W.2d 268, 272 (Tenn. 1987). The Post-Conviction Relief Act states that "[a] bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings." T.C.A. § 40-30-106(d). Contrary to appellate counsel's assertions, the petitioner did not allege deficiency and prejudice in his claim of ineffective assistance of counsel, and he did not explain why he did not waive any of his alleged constitutional defects by not using the time granted to him by the trial court to amend his petition and to verify the factual allegations by oath. "There is no constitutional right to an attorney in state post-conviction proceedings." Coleman v. Thompson, 501 U.S. 722, 752 (1991). In view of the petitioner's failure to comply with the Post-Conviction Procedure Act's requirements, the trial court could have properly dismissed the petitions at that point. T.C.A. § 40-30-106(d). However, the trial court allowed the petitioner fifteen days in which to amend the petition. T.C.A. § 40-30-106(d). The petitioner chose not to avail himself of this option, although he did subsequently obtain counsel. The record also reflects that although the petitioner did not appear to have been incarcerated at the time of his two hearings to set aside the order dismissing his petitions for post-conviction relief, he did not attend either hearing. The petitions were properly dismissed.

The petitioner contends the trial court erred in refusing to rescind its order dismissing the pro se petitions for post-conviction relief. As noted above, however, the trial court properly dismissed the petitions after affording the petitioner time in which to conform his petitions to the requirements of the Post-Conviction Relief Act. See Powell v. State, 8 S.W.3d 631, 633 (Tenn. Crim. App. 1998) (affirming summary dismissal of petition for post-conviction relief when petition "does not contain a clear and specific statement of the grounds upon which relief is sought, nor does it contain a full disclosure of the factual basis of the grounds asserted"). The petitioner insists that he has presented a colorable claim for relief, specifically that his trial counsel was ineffective. In his brief, the petitioner cites Rickman v. State to say that a "petition sets forth a colorable claim if it alleges facts showing that the conviction resulted from an abridgment of a constitutional right and demonstrates that the ground for relief was not previously determined or waived." Id., 972 S.W.2d 687, 693 (Tenn. Crim. App. 1997) (citation omitted). However, the petitioner does not satisfy the Rickman criteria to avoid the summary dismissal of his petitions for post-conviction relief. Although the petitioner states that his constitutional rights have been abridged, he has failed to "demonstrate[] that the ground for relief was not previously determined or waived." State v. Rickman, 972 S.W.2d at 693; accord T.C.A. § 40-30-104(e). His failure to comply with the procedural requisites precludes a court from finding that the petitioner has presented a colorable claim for relief.

Based on the foregoing and the record as a whole, we affirm the trial court's dismissing the petitions for post-conviction relief.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE