IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs at Knoxville December 13, 2011

## CHARLES E. ORANGE v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Bedford County**
**No. 12199     Robert G. Crigler, Judge**

**No. M2011-01168-CCA-R3-PC - Filed April 20, 2012**

The Petitioner, Charles E. Orange, appeals the Bedford County Circuit Court's denial of post-conviction relief. On appeal, he contends that the trial court erred by summarily dismissing his petition without appointing counsel or giving him an opportunity to amend his petition. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and JOHN EVERETT WILLIAMS, JJ., joined.

Charles E. Orange, Clifton, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Meredith DeVault, Senior Counsel; Charles Frank Crawford, Jr., District Attorney General; and Michael D. Randles, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The record on appeal does not contain a transcript of the guilty plea hearing or the judgments of conviction, but the record reflects that the Petitioner was charged with four counts of selling one-half gram or more of cocaine, four counts of delivering one-half gram or more of cocaine, possessing one-half gram or more of cocaine with intent to sell, possessing one-half gram or more of cocaine with intent to deliver, possessing between one-half ounce and ten pounds of marijuana with intent to sell, and possessing between one-half ounce and ten pounds of marijuana with intent to deliver. The Petitioner pled guilty on February 22, 2010, to six drug offenses and was sentenced to an effective sentence of twenty-two years.

On December 10, 2010, the Petitioner filed a petition for post-conviction relief alleging that because trial counsel did not tell him that the trial court could not engage in judicial factfinding during sentencing, he did not receive the effective assistance of counsel, and his guilty pleas were not knowingly and voluntarily entered. He also alleged that he did not enter knowing and voluntary pleas or receive effective assistance because counsel did not tell him that he was "supposed" to be sentenced to the statutory minimum within the applicable sentencing ranges. The Petitioner's claims were based on the sentencing law that applied before amendments to the Sentencing Act took effect on June 7, 2005, and on Blakely v. Washington, 542 U.S. 296 (2004), which concluded that in certain instances, the Sixth Amendment precluded enhancement of sentences by judicial factfinding.

The trial court dismissed the petition after concluding that it contained "mere conclusions of law all of which are erroneous and because it failed to state a factual basis for the grounds alleged." The trial court noted that because the earliest offense occurred on May 15, 2009, "the Blakely et al cases which the Defendant believes show him entitled to jury determination of enhancing factors do not apply. Contrary to the defendant's assertion, his counsel would have misadvised the Defendant if he had told him that he could object to any judicial fact-finding regarding enhancement factors." This appeal followed.

The Petitioner contends that the trial court erred by summarily dismissing his petition because it presented colorable claims for relief, in that it alleged that he did not receive the effective assistance of counsel and that his guilty pleas were not knowingly and voluntarily entered. The State contends that the Petitioner has waived consideration of this issue by failing to present an adequate record on appeal and failing to support his argument with references to the record. The State also contends that the trial court properly dismissed the petition without a hearing because the Petitioner failed to allege a colorable claim for relief and failed to state a factual basis for the grounds alleged. We hold that the trial court did not err in dismissing the petition.

With regard to the State's contention that the Petitioner waived consideration of this issue, the Petitioner had "a duty to prepare a record which conveys a fair, accurate and complete account of what transpired with respect to the issues forming the basis of the appeal." State v. Ballard, 855 S.W.2d 557, 560 (Tenn. 1993) (citing State v. Bunch, 646 S.W.2d 158, 160 (Tenn. 1983)). In determining if summary dismissal of a petition for post-conviction relief is appropriate, the trial court was required to consider the factual allegations contained in the petition as true. See T.C.A. § 40-30-106(f) (2010). If the facts alleged, taken as true, fail to show that the Petitioner was entitled to relief, summary dismissal is appropriate. Id. Because the Petitioner contends that the trial court erred by summarily dismissing his petition, and the petition and the indictments are included in the appellate record and are cited by the Petitioner in his argument, the record is sufficient to allow us to

determine if the petition stated a colorable claim for relief. The Petitioner has not waived consideration of this issue.

With regard to the Petitioner's claim that he did not receive the effective assistance of counsel and that his guilty pleas were not knowingly and voluntarily entered, he contends trial counsel was required to tell him that he was supposed to be sentenced to the statutory minimum and that the trial court could not engage in judicial factfinding during sentencing. We disagree. The Defendant's reliance on Blakely and pre-2005 sentencing law is misplaced. In Blakely, the Supreme Court held, "If the jury's verdict alone does not authorize the sentence, if, instead, the judge must find an additional fact to impose the longer term, the Sixth Amendment requirement is not satisfied." Cunningham v. California, 549 U.S. 270, 290 (2007) (citing Blakely, 542 U.S. at 305). In order to avoid the constitutional violation arising from a trial court increasing a presumptive sentence on the basis of judicially determined enhancement factors that were not submitted to the jury, the Tennessee General Assembly amended the Criminal Sentencing Reform Act in 2005. See T.C.A. §§ 40-35-102(6), -114, -210, -401 (2003 & Supp. 2005); 2005 Tenn. Pub. Acts ch. 353, §§ 1, 5, 6, 8. Tennessee Code Annotated section 40-35-210(c) no longer imposes a presumptive sentence and instead states that the court shall consider, but is not bound by, the following advisory sentencing guidelines:

> (1) The minimum sentence within the range of punishment is the sentence that should be imposed, because the general assembly set the minimum length of sentence for each felony class to reflect the relative seriousness of each criminal offense in the felony classifications; and

> (2) The sentence length within the range should be adjusted, as appropriate, by the presence or absence of mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114.

T.C.A. § 40-35-210(c) (2010). From this, "the trial court is free to select any sentence within the applicable range so long as the length of the sentence is 'consistent with the purposes and principles of [the Sentencing Act].'" State v. Carter, 254 S.W.3d 335, 343 (Tenn. 2008) (quoting T.C.A. § 40-35-210(d)).

As noted above, if the facts alleged in a petition for post-conviction relief, taken as true, fail to show that a petitioner is entitled to relief, the petition shall be dismissed. T.C.A. § 40-30-106(f). If a petition is filed pro se and fails to provide a clear and specific statement of all grounds upon which relief is sought, including full disclosure of the factual basis of

those grounds, a judge "may enter an order stating that the petitioner must file an amended petition that complies with [section 106(d)] within fifteen (15) days or the petition will be dismissed." T.C.A. § 40-30-106(d). Although a judge may allow a petitioner to file an amended petition, "the statute does not mandate that the judge do so." Powell v. State, 8 S.W.3d 631, 633 (Tenn. Crim. App. 1998).

Because the Petitioner's earliest offense date was May 15, 2009, the Petitioner was sentenced under the law as it existed after the 2005 amendments to the Sentencing Act. The 2005 amendments removed presumptive sentences and permitted the trial court to consider enhancement factors not submitted to the jury or admitted by the Petitioner. Trial counsel would have provided incorrect information had he told the Petitioner that he was supposed to be sentenced to the statutory minimum or that the trial court could not engage in judicial factfinding when determining the applicability of enhancement factors. Taking all of the Petitioner's allegations as true, the petition failed to show that the Petitioner was entitled to relief. We conclude that the trial court did not err by dismissing the petition without appointing counsel or giving the Petitioner an opportunity to amend his petition.

Additionally, we note the Petitioner's contention that the trial court erred by holding an evidentiary hearing on his petition without affording him the opportunity to be present. The record does not reflect that an evidentiary hearing was held. Although a brief hearing was held on January 14, 2011, the entire hearing consisted of the following exchange:

> THE COURT: Charles Orange. He has filed a complaint about Blakely. I don't believe Blakely is applicable to a guilty plea, I think if I remember right. General, have you looked at that one?
>
> MR. RANDLES: I don't think I have. I have got it in front of me.
>
> THE COURT: Well, I am going to put down to enter an order to dismiss it and I will dictate the reasons to Kim.

The Petitioner incorrectly asserts that the State was allowed to offer input into factual and legal determinations. No evidence was admitted at the hearing, and the State offered no input on the resolution of the petition. The Petitioner is not entitled to relief.

In consideration of the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE