IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 20, 2016

**KENT L. BOOHER v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Loudon County**
**No. 2013-CR-164A     Paul G. Summers, Senior Judge**

_____

**No. E2015-02218-CCA-R3-PC – Filed November 4, 2016**

_____

The Petitioner, Kent L. Booher, appeals the Loudon County Criminal Court's summary dismissal of his petition for post-conviction relief from his 2014 guilty plea convictions for two counts of statutory rape and his effective three-year sentence. The Petitioner contends that the post-conviction court erred by summarily dismissing his petition. We conclude that the Petitioner stated sufficient facts to constitute a colorable claim, and we remand the case to the post-conviction court for an evidentiary hearing.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed;**
**Case Remanded**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J. and ALAN E. GLENN, J., joined.

Kent L. Booher, Harriman, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Nicholas W. Spangler, Assistant Attorney General; Russell Johnson, District Attorney General; and Tiffany Smith, Henry Sledge, and Frank Harvey, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

The Petitioner pleaded guilty on September 23, 2014 to two counts of statutory rape and was sentenced to three years, all suspended to supervised probation. The factual basis for the pleas is not included in the record on appeal. On September 22, 2015, the Petitioner filed a petition for post-conviction relief. The Petitioner alleged in an "addendum" to the petition that he received the ineffective assistance of counsel on the following grounds:

1. The court entered an order and sealed the order denying me any opportunity to read the order or discuss it with my attorney. I advised my counsel that I was precluded from reading the order. He should have asked the court to unseal the order so that I (the defendant) could read it.

2. . . . [No] evidentiary hearing was held on the [above-referenced] motion or if one was held, I was not invited to attend the hearing. I am unaware if any evidence was introduced by the state or my attorney in support of a motion or the order.

3. The state executed a search warrant for text messages from a provider located out of state. No return on that warrant was made . . . by the day I entered my plea . . . . [An] edited narrative of text messages from my account was released to me and my attorney, but those texts were "cherry picked" from my account. While my attorney filed an appropriate motion to suppress . . . [he] failed to follow up to force the state to reveal what, if any, documents or records were received as a result of the search warrant[.]

4. I have some evidence to suggest that my text messages and telephone calls from and to my cell phone were intercepted without benefit of a warrant by law enforcement officers . . . . Such a warrantless search could result in any evidence derived from the interception of my calls and texts being inadmissible.

> a. I have spoken to a woman . . . who "sexted" me a photo. That woman was subsequently interviewed by law enforcement officers about the photo. Since the photo was sent to me from her, and neither she nor I ever shared that information with anyone else, I believe there is some evidence of police intercepting my calls and texts[.]
>
> b. A probation officer approached me about a warning she had received from a law enforcement officer about her cell phone conversations with me. Again, these were personal calls that only included her and me. I do not believe any warrant exists authorizing my phone to be tapped.

I believe that full disclosure of the required search warrant return could lead to additional evidence of police misconduct in the wiretapping of my phone and text messages without a warrant. My attorney should have persisted in obtaining those records and contacted the text message provider to discover if any other information was "discovered" before the search warrant was issued.

5. Both my attorney and I were excluded from the trial of the second person named in my indictment. My attorney advised me that he would seek to have the trial opened or at least continued until a ruling on the issue could be made by an appellate court. He also said, failing that, he would obtain a transcript of that trial and ask for a continuance of my trial so that we would have an opportunity to review the trial testimony.

> a. . . . [The Petitioner saw a Facebook post indicating that during her trial testimony] the victim admitted lying to police. If so, the transcript would show that and would be important in my attorney's cross-examination of the witness.

> b. Count one of my indictment (the B felony for which I was charged) was dismissed by the prosecution immediately following the first trial . . . . [No] transcript was requested by my attorney.

6. I am unaware if my attorney interviewed the victim or attempted to interview the victim in my case. I have information that she admitted under oath to lying to police when she was held for interrogation. I am further told that she was questioned for more than seven hours by police, all without benefit of the presence of a parent or attorney. She told them anything they wanted to hear. At the time of her police interrogation, she was represented by counsel . . . . I believe there is a chance that if my attorney had interviewed her in a less stressful environment, with her attorney present, and armed with the information that she had already admitted under oath that she had lied, then more of her lies may have been exposed.

While no one of these alleged breached of attorney competence may have resulted in my acquittal, taken together and handled properly, I believe I would have had a fighting chance at trial to win my acquittal. As it was, my attorney expressed a low confidence of success at trial and was quite assured that the trial court intended to incarcerate me <u>when</u> I was convicted.

The post-conviction court summarily dismissed the petition. The court noted the Petitioner's testimony at the guilty plea hearing that he was satisfied with defense counsel's representation. The court stated, "Before a petitioner will be granted post-conviction relief based upon a claim of ineffective assistance of counsel, the record must affirmatively establish, via facts clearly and convincingly" stated that counsel provided deficient performance and that the petitioner was prejudiced as a result. The court quoted the Petitioner's statement in the post-conviction petition that

-3-

[w]hile no one of these alleged breaches of attorney competence may have resulted in my acquittal, taken together and handled properly, I believe I would have had a fighting chance at trial to win my acquittal. As is, my attorney expressed a low confidence of success at trial and was quite assured that the trial Court intended to incarcerate me when I was convicted.

The court found that the Petitioner "failed to state, with specificity, sufficient factual basis for the Petitioner's claim of ineffective assistance of counsel[.]" The court continued,

Petitioner makes vague allegations of improprieties regarding cell phone conversation and text message interception by law enforcement. Petitioner fails to state with specificity any factual evidence and how actions by counsel regarding such evidence would have, by clear and convincing evidence, led to a different outcome at trial[.]

The Court finds the petitioner contains mere bare allegations . . . . [He] makes speculative, conclusory statements, and relates his personal belief, unsupported by specific statements of facts which, even if taken as true, are insufficient to support a claim of ineffective assistance of counsel.

The Petitioner was a lawyer for many years . . . he was well known in the legal community as a criminal defense lawyer . . . . [The Petitioner] is not the normal pro se litigant referred to in the post-conviction statutes. The Court is certain that [he], through practicing criminal defense law for decades, understands the threshold questions in post-conviction law . . . .

It is clear from the record that the Court asked [the Petitioner] if he understood everything there is to know about the charges; the state's burden; the defense's options and non-burdens; the appellate procedure; and a myriad of topics related to [the Petitioner's] entry of the plea. Further, the Court found that [the Petitioner] was satisfied with his retained counsel and knew what he was doing . . . . Simply put, [the Petitioner] plead[ed] guilty because he was guilty; and the State offered him a lenient plea, which he gladly accepted . . . . The Court was meticulous to make sure the Petitioner understood all the aspects and ramifications of the guilty plea. Petitioner was under no coercion or external influence other than the plea itself.

The Court finds, once again, that the Petitioner entered his plea understandingly, providently, voluntarily, knowingly, and under no coercion or

promises . . . and hence, the Court accepted the forbearing plea. The Petitioner has cobbled together mere conclusions and allegations, unsupported by facts, to toll the statute of limitations . . . . He has failed to meet the threshold burdens.

The post-conviction court summarily dismissed the petition, and the Petitioner appealed.

The Petitioner contends that the post-conviction court erred by summarily dismissing the petition, arguing that he included facts supporting his claims, and requests that this court remand the case for an evidentiary hearing. The State agrees that the post-conviction court should have held a hearing because the "addendum" contained sufficient facts to state a colorable claim and because the court inappropriately considered the burden of proof for the ineffective assistance of counsel allegation during the preliminary review of the petition. We agree with the parties.

When a court receives a post-conviction petition, it must conduct a preliminary review to determine, among other matters, whether the petition states a colorable claim. T.C.A. § 40-30-106(b), (d) (2014). A colorable claim is one which, "if taken as true, in the light most favorable to the petitioner, would entitle petitioner to relief under the Post-Conviction Procedure Act." Tenn. Sup. Ct. R. 28, § 2(H). The petition

must contain a clear and specific statement of all grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings. Failure to state a factual basis for the grounds alleged shall result in immediate dismissal of the petition. If, however, the petition was filed pro se, the judge may enter an order stating that the petitioner must file an amended petition that complies with this section within fifteen (15) days or the petition will be dismissed.

T.C.A. § 40-30-106(d); *see* Tenn. Sup. Ct. R. 28, § 5(E) (setting forth the required contents of a post-conviction petition, including "specific facts supporting each claim for relief asserted by petitioner"); Tenn. Sup. Ct. R. 28, § 5(F) (providing grounds for summary dismissal of a post-conviction petition, including untimeliness, failure to include specific factual allegations, and failure to include reasons why the claim is not barred by the statute of limitations). This court has said that whether to permit an amendment to a petition is within the trial court's discretion. *See Powell v. State*, 8 S.W.3d 631, 633 (Tenn. Crim. App. 1998); *see also Charles E. Orange v. State*, No. M2011-01168-CCA-R3-PC, 2012 WL 1417252, at *3 (Tenn. Crim. App. Apr. 20, 2012); *State v. Xavier C. Parks*, No. W2007-00142-CCA-R3-PC, 2008 WL 648937, at *2 (Tenn. Crim. App. Mar. 11, 2008).

Our supreme court's rules provide that "[in] the event the court concludes after the preliminary review that a colorable claim is not asserted by the petition, the court shall enter an order dismissing the petition or an order requiring that the petition be amended." Tenn. Sup. Ct. R. 28, § 6(B)(4)(a). If the substance of the petition is lacking, it may be summarily dismissed. *Id*.

To establish a post-conviction claim of the ineffective assistance of counsel in violation of the Sixth Amendment, a petitioner has the burden of proving that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see Lockhart v. Fretwell*, 506 U.S. 364, 368-72 (1993). The Tennessee Supreme Court has applied the *Strickland* standard to an accused's right to counsel under article I, section 9 of the Tennessee Constitution. *See State v. Melson*, 772 S.W.2d 417, 419 n.2 (Tenn. 1989). The standard is the same, whether reviewing the performance of trial or appellate counsel. *Carpenter v. State*, 126 S.W.3d 879, 886 (Tenn. 2004).

A petitioner must satisfy both prongs of the *Strickland* test in order to prevail in an ineffective assistance of counsel claim. *Henley*, 960 S.W.2d 572, 580 (Tenn. 1997). "[F]ailure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim." *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996). To establish the performance prong, a petitioner must show that "the advice given, or the services rendered . . . , are [not] within the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975); *see Strickland*, 466 U.S. at 690. The post-conviction court must determine if these acts or omissions, viewed in light of all of the circumstances, fell "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. A petitioner "is not entitled to the benefit of hindsight, may not second-guess a reasonably based trial strategy by his counsel, and cannot criticize a sound, but unsuccessful, tactical decision." *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994); *see Pylant v. State*, 263 S.W.3d 854, 874 (Tenn. 2008). This deference, however, only applies "if the choices are informed . . . based upon adequate preparation." *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992). To establish the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

In the light most favorable to the Petitioner, he alleges defense counsel failed to make a sealed order available to him, failed to inquire into the existence of illegal police action, did not attempt to obtain the codefendant's trial transcript, which contained the victim's testimony and information relevant to the strength of the State's case against the Petitioner,

and failed to attempt to interview the victim. Although the Petitioner does not state explicitly that he would not have pleaded guilty if counsel had taken the aforementioned actions, he references a probability of being acquitted at a trial. Thus, the Petitioner's pro se allegations suggest that had he had this information, he would not have pleaded guilty and would have proceeded to trial. Taken as true, the sum of counsel's inaction and its effect on the Petitioner's decision to plead guilty would entitle the Petitioner to relief. The Petitioner enumerated sufficient facts to state a colorable claim, and the post-conviction court erred by dismissing the petition without an evidentiary hearing.

We note that although the post-conviction court stated in its order that it conducted the guilty plea hearing and that the Petitioner "freely, voluntarily, understandingly, [and] intelligently" entered his guilty plea, this evidence is not to be considered for purposes of reviewing a post-conviction petition for a colorable claim. *See* T.C.A. § 40-30-106(f) (2014) (specifying that during preliminary consideration of a post-conviction petition, "the court shall examine the allegations of fact in the petition")

We also note the post-conviction court's statement that the Petitioner was "not the normal pro se litigant" and that the Petitioner "understands the threshold questions in post-conviction law," implying the Petitioner should be held to a higher standard in articulating a colorable claim for relief. Despite the Petitioner's status as a disbarred criminal defense attorney, the Post-Conviction Procedure Act does not dictate a higher standard for evaluating whether a colorable claim has been stated by a petitioner with legal training. *See* T.C.A. § 40-30-106. Any reliance on the Petitioner's legal training was misplaced for purposes of summarily dismissing the petition.

In consideration of the foregoing and the record as a whole, we reverse the judgment of the post-conviction court and remand the case for an evidentiary hearing. The Petitioner has not requested appointed counsel.

_____
ROBERT H. MONTGOMERY, JR., JUDGE