IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 6, 2018

**DON EDWARD CARTER v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for McNairy County**
**No. 917    J. Weber McCraw, Judge**

_____

**No. W2018-00285-CCA-R3-PC**
_____

The Petitioner, Don Edward Carter, appeals from the McNairy County Circuit Court's dismissal of his petition for post-conviction relief from his convictions of two counts of first degree murder, for which he is serving concurrent life sentences. On appeal, he contends that (1) the post-conviction court erred in dismissing his petition as untimely without a hearing to determine whether due process required tolling of the statute of limitations, (2) he received the ineffective assistance of counsel, and (3) prosecutorial misconduct in the conviction proceedings deprived him of his rights to due process and a fair trial. We affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL and NORMA MCGEE OGLE, JJ., joined.

Don Edward Carter, Pikeville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Courtney N. Orr, Assistant Attorney General; D. Michael Dunavant, District Attorney General; Lisa Miller, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Petitioner's convictions relate to the shooting deaths of his parents. The Petitioner was convicted at a jury trial. His convictions were affirmed on appeal, and the judgments became final on April 17, 2000, the date the supreme court filed its opinion. *State v. Carter*, 16 S.W.3d 762 (Tenn. 2000). The Petitioner filed the post-conviction petition in the present case on January 18, 2018, alleging various grounds for relief. The petition also alleged that due process required tolling the statute of limitations because (1)

trial counsel failed to advise the Petitioner of the opportunity to seek post-conviction relief, (2) the Petitioner was mentally incompetent to file a timely petition, (3) the Petitioner received erroneous legal advice from an inmate legal aide, who told him the statute of limitations had expired but did not tell him about the possibility of due process tolling. The post-conviction court filed an order which summarily dismissed the petition, stating, "the Court does not find any legitimate reason to toll" the statute of limitations.

Post-conviction relief is available within one year of the date of a judgment's becoming final. T.C.A. § 40-30-102(a) (2012). The Post-Conviction Procedure Act states, "Time is of the essence of the right to file a petition for post-conviction relief . . . , and the one-year limitations period is an element of the right to file such an action and is a condition upon its exercise." *Id.* The statute provides three exceptions:

(b) No court shall have jurisdiction to consider a petition filed after the expiration of the limitations period unless:

(1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial;

(2) The claim in the petition is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or

(3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the petition must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid.

*Id.* § 40-30-102(b)(1)-(3). In addition to the statutory exceptions, due process may require tolling the statute of limitations in certain circumstances. *See Burford v. State*, 845 S.W.2d 204, 108 (Tenn. 1992) ("[D]ue process requires that potential litigants be provided an opportunity for the presentation of claims at a meaningful time and in a meaningful manner.") (citing *Long v. Zimmerman Brush Co.*, 455 U.S. 422, 437 (1982)). One basis upon which due process may require tolling is for periods of mental

incompetence. *See Seals v. State*, 23 S.W.3d 272 (Tenn. 2000); *Watkins v. State*, 903 S.W.2d 302 (Tenn. 1995).

When a court receives a post-conviction petition, it must conduct a preliminary review to determine, among other matters, whether the petition is timely and whether it states a colorable claim. T.C.A. § 40-30-106(b), (d) (2012). "If it plainly appears from the face of the petition, any annexed exhibits or the prior proceedings in the case that the petition was not filed . . . within the time set forth in the statute of limitations . . . the judge shall enter an order dismissing the petition." *Id.* § 40-3-106(b).

> The petition must contain a clear and specific statement of all grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant further proceedings. Failure to state a factual basis for the grounds alleged shall result in immediate dismissal of the petition. If, however, the petition was filed pro se, the judge may enter an order stating that the petitioner must file an amended petition that complies with this section within fifteen (15) days or the petition will be dismissed.

*Id.* § 40-30-106(d); *see* Tenn. Sup. Ct. R. 28, §§ 5(E) (setting forth the required contents of a post-conviction petition, including "specific facts supporting each claim for relief asserted by petitioner"), 5(F) (providing grounds for summary dismissal of a post-conviction petition, including untimeliness, failure to include specific factual allegations, and failure to include reasons why the claim is not barred by the statute of limitations). This court has said that whether to permit amendment is within the trial court's discretion. *See Powell v. State*, 8 S.W.3d 631, 633 (Tenn. Crim. App. 1998); *see also Charles E. Orange v. State*, No. M2011-01168-CCA-R3-PC, 2012 WL 1417252, at *3 (Tenn. Crim. App. Apr. 20, 2012); *State v. Xavier C. Parks*, No. W2007-00142-CCA-R3-PC, 2008 WL 648937, at *2 (Tenn. Crim. App. Mar. 11, 2008), *perm. app. denied* (Tenn. June 19, 2012). Our supreme court's rules provide as follows:

> (4)(a) In the event the court concludes after the preliminary review that a colorable claim is not asserted by the petition, the court shall enter an order dismissing the petition or an order requiring that the petition be amended.

> (b) No pro se petition shall be dismissed for failure to follow the prescribed form until the court has given petitioner a reasonable opportunity to amend the petition with the assistance of counsel.

Tenn. Sup. Ct. R. 28, § 6(B)(4)(a)-(b). Subdivision (a) of Rule 28, section 6(B)(4) speaks to the substance of the petition. If the substance is lacking, the petition may be

summarily dismissed. Subdivision (b) of Rule 28, section 6(B)(4) speaks to the form of the petition. If the petition is merely lacking in form and was filed pro se, a post-conviction court cannot dismiss it based upon a flaw in the form until the petitioner has been given the opportunity to amend the petition with the assistance of counsel.

None of the Petitioner's allegations regarding the reasons for the untimeliness of his petition fit within the statutory exceptions to the statute of limitations. *See* T.C.A. § 40-30-102(b)(1)-(3). If the statute of limitations is to be tolled, it must be on the basis of due process.

We consider, first, the Petitioner's allegations that trial counsel failed to advise the Petitioner of the opportunity to seek post-conviction relief and that the Petitioner received erroneous legal advice from an inmate legal aide. He has cited no legal authority for the proposition that trial counsel has an obligation to advise a defendant of the opportunity, at some future time, to seek post-conviction relief and that the lack of such advice tolls the statute of limitations, nor has he cited authority for the proposition that erroneous advice from an inmate legal aide tolls the statute of limitations. In the context of attorney malfeasance relative to tolling the statute of limitations for a post-conviction claim, our supreme court has said:

> A petitioner is entitled to due process tolling upon a showing (1) that he or she has been pursuing his or her rights diligently, and (2) that some extraordinary circumstance stood in his or her way and prevented timely filing. *Holland v. Florida*, [560 U.S. 130 631, 648-49 (2010)]. Specifically, the second prong is met when the prisoner's attorney of record abandons the prisoner or acts in a way directly adverse to the prisoner's interests, such as by actively lying or otherwise misleading the prisoner to believe things about his or her case that are not true. *See Maples v. Thomas*, [565 U.S. 266, 282 (2012)]; *Holland*[, 560 U.S. at 651-53]; *Dillon v. Conway*, 642 F.3d 358, 363-64 (2d Cir.2011); *Downs v. McNeil*, 520 F.3d [1311, 1320-21 (11th Cir. 2008)] (discussing these two "well-recognized exceptions" to the "your lawyer, your fault" rule).

*Whitehead v. State*, 402 S.W.3d 615, 631 (Tenn. 2013). This court has rejected a claim for due process tolling based on allegations that a petitioner's trial attorney did not advise him about the right to seek post-conviction relief or the method by which to do so. *See Joseph Nelson v. State*, No. W2012-02234-CCA-R3-PC, 2013 WL 6001955, at *4 (Tenn. Crim. App. Nov. 12, 2013). Similarly, this court has said that a petitioner's ignorance of the existence of the statute of limitations, even if the ignorance resulted from an attorney's negligence in advising the petitioner, does not toll the statute of limitations. *See State v. Phillips*, 904 S.W.2d 123, 124 (Tenn. Crim. App. 1995). The Petitioner has

not shown that the post-conviction court erred in dismissing his claim based upon the lack of advice from trial counsel or the erroneous advice from the inmate legal aide.

The Petitioner's remaining allegation is that due process requires tolling due to his mental incompetence, which he alleges prevented him from filing a timely post-conviction petition. In *State v. Nix*, 40 S.W.3d 459, 463 (Tenn. 2001), our supreme court said, in the context of a post-conviction petition alleging that due process tolled the statute of limitations due to the petitioner's mental incompetence, that "the mere assertion of a psychological problem" was insufficient to establish a prima facie claim that the limitations period should be tolled. The court said that the petition must include specific factual allegations to support the tolling claim. *Nix*, 40 S.W.3d at 464. The court explained:

> We emphasize that to make a prima facie showing of incompetence requiring tolling of the limitations period, a post-conviction petition must include specific factual allegations that demonstrate the petitioner's inability to manage his personal affairs or understand his legal rights and liabilities. Unsupported, conclusory, or general allegations of mental illness will not be sufficient to require tolling and prevent summary dismissal under Tenn. Code Ann. § 40-30-206(b) & (f). *Cf. Van Tran v. State*, 6 S.W.3d 257, 268 (Tenn. 1999) (holding that unsupported assertions of incompetency to be executed are not sufficient to meet the required threshold showing); *State v. Barnett*, 909 S.W.2d 423, 431 (Tenn. 1995) (holding that unsupported assertions that expert services are needed are insufficient to entitle a defendant to a hearing). The required prima facie showing may be satisfied by attaching to the petition affidavits, depositions, medical reports, or other credible evidence that contain specific factual allegations showing the petitioner's incompetence. *See* Tenn. Code Ann. § 40-30-204(e) ("Affidavits, records or other evidence available to the petitioner supporting the allegations of the petition may be attached to it."). *Cf. Van Tran*, 6 S.W.3d at 269 (holding that the required threshold showing to establish a genuine disputed issue regarding a prisoner's competency to be executed may be met by submitting affidavits, depositions, medical reports, or other credible evidence). While affidavits and depositions of mental health professionals may be utilized, they are not essential, and a petitioner may rely upon affidavits and depositions from family members, prison officials, attorneys, or any other person who has knowledge of facts that demonstrate either the petitioner's inability to manage his personal affairs or the petitioner's inability to understand his legal rights and liabilities.

*Nix*, 40 S.W.3d at 464.

The petition contains allegations about the Petitioner's mental state at the time of the offenses and the conviction proceedings. Relative to this time period, he alleged that he had received various psychiatric diagnoses and had been prescribed several psychiatric medications. The Petitioner attached the following documents to his petition: (1) a September 1996 letter from one of his trial attorneys to the forensic services coordinator of a mental health center regarding evaluation of the Petitioner, noting the Petitioner's history of psychiatric hospitalization and then-present psychological and psychiatric treatment, (2) an excerpt of a November 1996 letter from an unidentified member of the district public defender's staff to the director of Mental Tennessee Mental Health Institute detailing the Petitioner's history of mental health treatment and the author's personal observations of the Petitioner's mental state, (3) an excerpt of the Petitioner's February 1996 discharge summary from Charter Lakeside Hospital Behavioral Health System, stating that the Petitioner's prognosis is "fair to good," depending upon compliance with an aftercare plan and adherence to a medication protocol, and (4) an unsigned excerpt of a December 1996 statement from a licensed psychologist who examined the Petitioner, stating that involuntary treatment was necessary due to a substantial likelihood of harm, based upon the Petitioner's having "threatened or attempted homicide or other violent behavior" and the inability "to avoid severe impairment or injury from specific risks."

The Petitioner failed, however, to allege with specificity and to provide supporting documentation relative to "the petitioner's inability to manage his personal affairs or the petitioner's inability to understand his legal rights and liabilities" in the period of almost eighteen years between the date his judgments of conviction became final and his filing the post-conviction petition. *See id.* He alleged generally that he "still suffers" from various mental illnesses, but he did not allege specifically and provide supporting documentation regarding how they prevented his filing a timely post-conviction petition for almost eighteen years. Due process tolls the statute of limitations only during the period of a petitioner's mental incompetence. *See Seals v. State*, 23 S.W.3d 272, 278-79 (Tenn. 2000). The post-conviction court did not err in dismissing the petition as untimely, given the Petitioner's insufficient allegations relative to tolling based upon mental incompetency.

In reaching this conclusion, we have not overlooked the Petitioner's allegations in his reply brief that he did not present mental health records relative to his time in the Tennessee Department of Correction because prison policy prohibited inmates from having access to or copies of their mental health records. Aside from the issue of the Petitioner's failure to make this allegation in the petition, we note that he was not limited to mental health records as the exclusive means of demonstrating the need for tolling the statute of limitations. Our supreme court has said that records or other forms of information from mental health professionals are not essential and that "affidavits and depositions from family members, prison officials, attorneys, or any other person who

has knowledge of facts that demonstrate either the petitioner's inability to manage his personal affairs or the petitioner's inability to understand his legal rights and liabilities" may be utilized. *Nix*, 40 S.W.3d at 464. The Petitioner failed to provide any such documentation to support his bid to toll the statute of limitations.

We also have not overlooked the Petitioner's argument that the post-conviction court erred by failing to afford him a hearing on the issue of due process tolling of the statute of limitations. As we have stated, the post-conviction statute provides, "If it plainly appears from the face of the petition, any annexed exhibits or the prior proceedings in the case that the petition was not filed . . . within the time set forth in the statute of limitations . . . the judge shall enter an order dismissing the petition." T.C.A. § 40-3-106(b), *see Joseph Nelson*, 2013 WL 6001955, at *3.

Based upon our determination that the post-conviction court did not err in dismissing the petition as untimely, this court lacks jurisdiction to address the Petitioner's substantive issues.

In consideration of the foregoing and the record as a whole, the judgment of the post-conviction court is affirmed.

_____
ROBERT H. MONTGOMERY, JR., JUDGE