IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 17, 2015

## TIMOTHY COLEMAN v. STATE OF TENNESSEE

**Appeal from the Criminal Court for McMinn County**
**No. 15-CR-228    Sandra N.C. Donaghy, Judge**

_____

**No. E2015-01414-CCA-R3-PC – Filed January 29, 2016**

_____

According to the allegations of the pro se post-conviction petition, the Petitioner, Timothy Coleman, pleaded guilty to initiation of a process to manufacture methamphetamine and received a nine-year sentence. He alleged that the date of the judgment was March 7, 2014, and that no appeal was filed. He filed a post-conviction petition on July 6, 2015, alleging that due process required tolling of the one-year post-conviction statute of limitations due to his mental incompetency. The post-conviction court summarily dismissed the petition as time-barred. On appeal, the Petitioner contends that the post-conviction court erred in dismissing the case on the basis of the statute of limitations. He also contends that newly discovered evidence may establish his actual innocence of the offense. We affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROGER A. PAGE, JJ., joined.

Timothy Coleman, Whiteville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; M. Todd Ridley, Assistant Attorney General; Stephen Crump, District Attorney General, for the appellee, State of Tennessee.

## OPINION

The primary issue in this case relates to the level of specificity required of a pro se post-conviction petition relative to allegations of mental incompetence as a basis for tolling the one-year statute of limitations. In the pro se petition, the Petitioner alleged the following related to mental incompetency and mental illness:

This Petitioner, being mentally incompetent, with about a 3rd grade education, respectfully request[s] that the Court Toll the Statute of Limitations. This petitioner has no legal training what so ever, and has not failed to bring this Petition before the Court, because of a mental problem, this Petition is now before this Court.

. . .

The attorneys failed to request a competency Hearing from the Court, and the attorneys knew and realized that this Petitioner is mentally incompetent. This is a procedural and substantive incompetency claim. . . .

. . .

This Petitioner's Due Process Rights require the court to Toll the Statute of Limitations and to Appoint Competent Counsel to represent this Petitioner at all stages of this Petition.

This Petitioner, was drawing Disability Social Security, was taking medicine for the Mental Problems, as the Social Security Records will show. . . .

Since the beating at the County Jail by the Guards, this Petitioner has more problems with seizures, to the point of passing out, problems thinking or remembering certain details, or family members, or friends, and has been taking meds for these seizures in the prison facilities, as well [as] other medications for the medal [sic] plate Placed in his cheek where the jailors beat and stomped Petitioner. Petitioner alleges that the jailors beat him because of his mental Problems, and they were afraid Petitioner would find out about [the unlawful acts of a law enforcement officer involved in the Petitioner's case].

. . .

Petitioner[']s Mental illness goes to show that Petitioner Could not comprehend the actions of pleading guilty, and constitutes Ineffective Assistance of Counsel.

The Petitioner's substantive bases for post-conviction relief related to prosecutorial misconduct, ineffective assistance of counsel, and an unknowing and involuntary guilty plea. He sought the appointment of counsel.

The post-conviction court summarily dismissed the Petition as untimely. The court acknowledged that although the post-conviction statute of limitations could be tolled due to mental incompetence, the Petitioner had "failed to attach any documentation or other proof to his petition to support his claim for the toll." The court noted, as well, that the Petitioner had not signed the Petition under oath before a notary.

In his pro se notice of appeal, the Petitioner stated that he had no access to the Social Security records that would demonstrate his mental incompetency. He stated that he had requested his Social Security records in January 2015 but had not received the records or a response as of July 17, 2015, the date he signed the notice of appeal. He also stated that he had been unable to obtain notarization of his petition because he and the rest of the prison had been "on lock-down."

The Petitioner contends that the post-conviction court erred in summarily dismissing the petition without appointing counsel and requiring the State to file an answer. The State contends that the court properly dismissed the petition as untimely.

Post-conviction relief is available within one year of the date of a judgment's becoming final. T.C.A. § 40-30-102(a) (2012). The Post-Conviction Procedure Act states, "Time is of the essence of the right to file a petition for post-conviction relief . . . , and the one-year limitations period is an element of the right to file such an action and is a condition upon its exercise." *Id.* The statute provides three exceptions:

> (b) No court shall have jurisdiction to consider a petition filed after the expiration of the limitations period unless:
>
> (1)    The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial;

(2)     The claim in the petition is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or

(3)     The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the petition must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid.

*Id*. § 40-30-102(b)(1)-(3). In addition to the statutory exceptions, due process may require tolling the statute of limitations in certain circumstances. *See Burford v. State*, 845 S.W.2d 204, 108 (Tenn. 1992) ("[D]ue process requires that potential litigants be provided an opportunity for the presentation of claims at a meaningful time and in a meaningful manner.") (citing *Long v. Zimmerman Brush Co.*, 455 U.S. 422, 437 (1982)). One basis upon which due process may require tolling is for periods of mental incompetence. *See Seals v. State*, 23 S.W.3d 272 (Tenn. 2000); *Watkins v. State*, 903 S.W.2d 302 (Tenn. 1995).

In *State v. Nix*, 40 S.W.3d 459, 463 (Tenn. 2001), our supreme court said, in the context of a post-conviction petition alleging that due process tolled the statute of limitations due to the petitioner's mental incompetence, that "the mere assertion of a psychological problem" was insufficient to establish a prima facie claim that the limitations period should be tolled. The court said that the petition must include specific factual allegations to support the tolling claim. *Nix*, 40 S.W.3d at 464. The court explained:

We emphasize that to make a prima facie showing of incompetence requiring tolling of the limitations period, a post-conviction petition must include specific factual allegations that demonstrate the petitioner's inability to manage his personal affairs or understand his legal rights and liabilities. Unsupported, conclusory, or general allegations of mental illness will not be sufficient to require tolling and prevent summary dismissal under Tenn. Code Ann. § 40-30-206(b) & (f). *Cf. Van Tran v. State*, 6 S.W.3d 257, 268 (Tenn. 1999) (holding that unsupported assertions of incompetency to be executed are not sufficient to meet the required threshold showing); *State v. Barnett*, 909 S.W.2d 423, 431 (Tenn. 1995) (holding that unsupported assertions that expert services are needed are insufficient to entitle a defendant to a hearing). The required prima facie

showing may be satisfied by attaching to the petition affidavits, depositions, medical reports, or other credible evidence that contain specific factual allegations showing the petitioner's incompetence. *See* Tenn. Code Ann. § 40-30-204(e) ("Affidavits, records or other evidence available to the petitioner supporting the allegations of the petition may be attached to it."). *Cf. Van Tran*, 6 S.W.3d at 269 (holding that the required threshold showing to establish a genuine disputed issue regarding a prisoner's competency to be executed may be met by submitting affidavits, depositions, medical reports, or other credible evidence). While affidavits and depositions of mental health professionals may be utilized, they are not essential, and a petitioner may rely upon affidavits and depositions from family members, prison officials, attorneys, or any other person who has knowledge of facts that demonstrate either the petitioner's inability to manage his personal affairs or the petitioner's inability to understand his legal rights and liabilities.

*Nix*, 40 S.W.3d at 464.

When a court receives a post-conviction petition, it must conduct a preliminary review to determine, among other matters, whether the petition is timely and whether it states a colorable claim. T.C.A. § 40-30-106(b), (d) (2012). "If it plainly appears from the face of the petition, any annexed exhibits or the prior proceedings in the case that the petition was not filed . . . within the time set forth in the statute of limitations . . . the judge shall enter an order dismissing the petition." *Id.* § 40-3-106(b).

The petition must contain a clear and specific statement of all grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant further proceedings. Failure to state a factual basis for the grounds alleged shall result in immediate dismissal of the petition. If, however, the petition was filed pro se, the judge may enter an order stating that the petitioner must file an amended petition that complies with this section within fifteen (15) days or the petition will be dismissed.

*Id.* § 40-30-106(d); *see* Tenn. Sup. Ct. R. 28, § 5(E) (setting forth the required contents of a post-conviction petition, including "specific facts supporting each claim for relief asserted by petitioner"); Tenn. Sup. Ct. R. 28, § 5(F) (providing grounds for summary dismissal of a post-conviction petition, including untimeliness, failure to include specific factual allegations, and failure to include reasons why the claim is not barred by the

statute of limitations).  This court has said that whether to permit amendment is within the trial court's discretion. *See Powell v. State*, 8 S.W.3d 631, 633 (Tenn. Crim. App. 1998); *see also Charles E. Orange v. State*, No. M2011-01168-CCA-R3-PC, 2012 WL 1417252, at *3 (Tenn. Crim. App. Apr. 20, 2012); *State v. Xavier C. Parks*, No. W2007-00142-CCA-R3-PC, 2008 WL 648937, at *2 (Tenn. Crim. App. Mar. 11, 2008), *perm. app. denied* (Tenn. June 19, 2012).  Our supreme court's rules provide as follows:

> (4)(a)  In the event the court concludes after the preliminary review that a colorable claim is not asserted by the petition, the court shall enter an order dismissing the petition or an order requiring that the petition be amended.
>
> (b)  No pro se petition shall be dismissed for failure to follow the prescribed form until the court has given petitioner a reasonable opportunity to amend the petition with the assistance of counsel.

Tenn. Sup. Ct. R. 28, § 6(B)(4)(a)-(b).  Subdivision (a) of Rule 28, section 6(B)(4) speaks to the substance of the petition.  If the substance is lacking, the petition may be summarily dismissed.  Subdivision (b) of Rule 28, section 6(B)(4) speaks to the form of the petition.  If the petition is merely lacking in form and was filed pro se, a post-conviction court cannot dismiss it based upon a flaw in the form until the petitioner has been given the opportunity to amend the petition with the assistance of counsel.

In the present case, the post-conviction court dismissed the petition on two bases, one related to substance and one related to form.  Relative to the substance of the petition, the court determined that the Petitioner failed to state a cognizable claim for due process tolling of the statute of limitations.  Relative to the form of the petition, the court determined that the petition was unverified.  We will consider these issues separately.

Relative to the post-conviction court's determination that the Petitioner failed to allege facts that would entitle him to tolling of the statute of limitations on due process grounds, the Petitioner contends in his brief that he has been unable to obtain his documentation from the Social Security Administration.  He also alleges that he has received prescription "mental drugs" in prison.  He argues that because his incarceration prevents his access to the records that would support his tolling claim, the post-conviction court should have appointed counsel to assist him.

The Petitioner's pro se petition is deficient in factual allegations to support his claim that due process requires tolling the statute of limitations due to mental incompetency.  We note that *Nix* provides that documentary evidence attached to the petition may assist in establishing the threshold showing of mental incompetency,

although it is not essential. *See Nix*, 40 S.W.3d at 464. The Petitioner's failure to provide documentary evidence, standing alone, is not fatal to his claim. The more basic flaw that exists is his failure to "include specific factual allegations that demonstrate the petitioner's inability to manage his personal affairs or understand his legal rights and liabilities." *Id.* He alleged that he had a mental illness, that he took medication, that counsel was ineffective in failing to develop evidence related to the mental illness, that the Petitioner did not understand the consequences of the guilty plea due to the mental illness, and that the mental illness prevented the Petitioner from filing a timely post-conviction petition. These allegations do not demonstrate a prima facie case that he was unable to manage his personal affairs or unable to understand his legal rights and liabilities. In the absence of factual allegations to support a claim for due process tolling, we conclude that the court did not err in summarily dismissing the petition.

We move to the post-conviction court's finding that the petition was unverified and its dismissal on this basis. As we have stated, our supreme court rules direct that a post-conviction court shall not summarily dismiss a petition that is not in proper form until the petitioner has been given the opportunity to amend the petition with the assistance of counsel. Tenn. Sup. Ct. R. 28, § 6(B)(4)(b); *see Anthony D. Forster v. State*, No. M2012-01641-CCA-R3-PC, 2013 WL 4033665, at *2-3 (Tenn. Crim. App. Aug. 8, 2013) (concluding that the trial court erred in summarily dismissing a pro se post-conviction petition, in part, because the petitioner failed to verify the petition under oath and that the court should have allowed the petitioner to amend the petition with the assistance of counsel); *see also Christy S. Brown v. State*, No. M2009-00506-CCA-R3-PC, 2010 WL 759872, at *3 (Tenn. Crim. App. Mar. 5, 2010). We conclude that the Petitioner's failure to verify the pro se petition was not a proper basis for summary dismissal. Because the Petitioner failed to allege adequate grounds for due process tolling of the statute of limitations, however, the court nevertheless properly dismissed the petition without appointing counsel or conducting a hearing.

Finally, we address the Petitioner's claim that the evidence of alleged misconduct by a law enforcement officer was newly discovered evidence which became known to him "just prior to" his filing his post-conviction petition. The Petitioner alleged in the petition that he learned of the alleged misconduct shortly before he filed the petition. In the petition, the Petitioner's factual allegations relative to the alleged misconduct of the law enforcement officer related to his claims of ineffective assistance of counsel in failing to pursue certain defense strategies to discredit the officer and investigate the case independently and to prosecutorial misconduct when "the district attorney's office acted in concert with the attorneys appointed to this Petitioner to keep the facts unknown to the general public that [the officer] was planting evidence on the public at large." He contends in his appellate reply brief, however, that the alleged misconduct constituted

"newly discovered evidence that may very well establish actual innocence for the Petitioner."

We acknowledge that certain claims of newly discovered evidence in the form of scientific evidence establishing the petitioner's actual innocence of the conviction offense are cognizable post-conviction claims and may require due process tolling of the statute of limitations. *See* T.C.A. § 40-30-102(b)(2) (providing for tolling of the statute of limitations for newly discovered scientific evidence that establishes the petitioner's actual innocence of the conviction offense). The Petitioner's claim as stated in the petition, however, is related to his allegation that a law enforcement officer had been relieved of his duties for "fabricating and planting evidence in drug bust cases." The Petitioner's claim is not one of newly discovered scientific evidence that might qualify for due process tolling under section 40-30-102(b)(2).

We note, as well, that the allegations were not raised in the post-conviction court as free-standing claims of actual innocence, as might be cognizable in a petition for the writ of error coram nobis. *See id.* § 40-26-105 (2012). The allegations are raised as factual support for his ineffective assistance of counsel and prosecutorial misconduct post-conviction claims.

We conclude that the trial court did not err in determining that the petition was untimely. We likewise conclude that the court properly summarily dismissed the post-conviction petition.

In consideration of the foregoing and the record as a whole, the judgment of the post-conviction court is affirmed.

_____
ROBERT H. MONTGOMERY, JR., JUDGE